**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERICA DANDRY CONSTANZA, et al.**                    **CIVIL ACTION**

**VERSUS**                                                               **CASE NO. 24-871**

**SPARTA INSURANCE COMPANY, et al.**          **SECTION: "G"(5)**

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Haller's (collectively, "Plaintiffs") Motion to Remand.[1] In this litigation, Plaintiffs allege that Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other Defendants.[3] Plaintiffs allege that this exposure caused and/or contributed to Decedent's development of mesothelioma and his death.[4] After Avondale removed the suit from state court under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), Plaintiffs filed the pending Motion to Remand.[5] For the reasons discussed in more detail below, the Court finds that Avondale has satisfied the four-part test for federal officer removal. Namely, Avondale is a person within the meaning of the statute, Avondale acted pursuant to a federal officer's directions, the charged conduct was connected or associated with the act, and

---

[1] Rec. Doc. 11.

[2] Huntington Ingalls Incorporated was formerly known as: Northrop Grumman Shipbuilding, Inc.,  Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to suit against Huntington Ingalls Incorporated, Plaintiffs brings suit against Sparta Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., and Uniroyal Holding, Inc. *See id.*

[4] *Id.*

[5] Rec. Doc. 11.

1

Avondale has a colorable federal defense to Plaintiffs' claims. Accordingly, having considered the motion, the memoranda in support and in opposition, the Court denies the motion to remand.

## I. Background

Plaintiffs allege that Decedent was employed in various positions by Avondale between June 1, 1971 and August 16, 1971.[6] During that time, Plaintiffs claim that Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[7] Plaintiffs further claim Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[8] Plaintiffs allege that, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[9] Plaintiffs allege that all Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[10] Further, Plaintiffs claim that "Avondale and its executive officers[] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[11]

Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans,

---

[6] Rec. Doc. 1-3 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.* at 5.

[11] *Id.*

State of Louisiana, on March 1, 2024.[12] On April 5, 2024, Defendant Avondale removed the case to the United States District Court for the Eastern District of Louisiana. Avondale alleges that removal is proper pursuant to 28 U.S.C. §§ 1441 and 1442.[13] Avondale asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1441 because Avondale was, at all material times, acting under an officer of the United States, providing grounds for removal under 28 U.S.C. § 1442(a)(1).[14]

On May 1, 2024, Plaintiffs filed the instant Motion to Remand.[15] On May 21, 2024 and May 23, 2024, respectively, Defendant Hopeman Brothers, Inc. ("Hopeman") and Defendant Avondale filed memoranda in opposition to the Motion to Remand.[16] On May 24, 2024, Plaintiff filed a reply brief in further support of the motion.[17] On June 4, 2024 and June 6, 2024, Avondale filed notices of supplemental authority.[18]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion to Remand*

Plaintiffs claim that Avondale fails to meet the requirements for removal under 28 U.S.C. § 1442(a)(1) for three reasons: (1) "Avondale has not come forward with any evidence linking asbestos from a government vessel to [Decedent]"; (2) "Avondale was not a person acting pursuant

---

[12] Rec. Doc. 1-3 at 1.

[13] Rec. Doc. 1 at 2.

[14] *Id.*

[15] Rec. Doc. 11.

[16] Rec. Doc. 23; Rec. Doc. 29.

[17] Rec. Doc. 31.

[18] Rec. Doc. 33; Rec. Doc. 37.

to a federal officer's directions"; and (3) "Avondale cannot establish a colorable federal defense."[19]

First, Plaintiffs argue there is no factual basis for the removal because Avondale has come forward with no evidence indicating that Decedent was exposed to asbestos on a government vessel.[20] Plaintiffs cite *Melancon v. Lamorak Insurance Company* in support of this proposition,[21] a 2018 case involving a similar claim against Avondale and other defendants. Plaintiffs claim that, in *Melancon*, the fact plaintiff worked on a government vessel alone was not enough to satisfy the "factual basis"[22] necessary for removal without specific evidence of exposure to asbestos aboard a government vessel.[23] In this case, Plaintiffs argue Avondale has not produced evidence Decedent boarded a government vessel while working for Avondale or that government vessels were worked on by Avondale during Decedent's employment, and so similarly, the factual basis for removal has not been met.[24]

Plaintiffs further argue that Avondale was not a person acting pursuant to a federal officer's directions, a requirement for removal.[25] Plaintiffs implore the Court to adopt the reasoning from *State v. Meadows*, an Eleventh Circuit decision holding that § 1442(a)(1) only applies to *current* federal officers.[26] Because Avondale is not a federal officer and not currently acting under one,

---

[19] Rec. Doc. 11-1 at 1, 3, 8.

[20] *Id.* at 2.

[21] 742 Fed. App'x. 833 (5th Cir. 2018).

[22] In *Melancon*, the Court referred to this as the "causal nexus" requirement necessary for federal officer removal. *Id.* at 834.

[23] Rec. Doc 11-1 at 2.

[24] *See id.*

[25] Rec. Doc. 11-1 at 3; *see* 28 U.S.C. § 1442(a).

[26] Rec. Doc. 11-1 at 3

Plaintiffs argue, removal under § 1442(a) is improper.[27]

Lastly, Plaintiffs assert that Avondale cannot establish a colorable federal defense, which Avondale asserts under *Boyle v. United Technologies* and *Yearsley v. W.A. Ross Construction* respectively.[28] Under *Boyle*, which introduced the federal contractor defense, the contractor must, first, follow federal requirements and, second, those federal requirements or interests and state law must conflict.[29] Plaintiffs claim that Avondale's contracts with the government do not demonstrate that the government required, restricted, or prohibited Avondale's ability to warn of the health hazards of asbestos or take precautions to prevent the spread of asbestos fibers.[30] Because the government contract did not require anything of Avondale when it came to the ability to warn of or prevent the spread of asbestos, Plaintiffs argue the government specifications could not conflict with Avondale's responsibilities under state law, making the government contract defense untenable in this case.[31]

Plaintiffs additionally contend that the *Yearsley* federal defense is unavailable.[32] The *Yearsley* defense awards immunity to defendants granted the authority by Congress to carry out a project if that authority was conferred under the "constitutional power of Congress."[33] Plaintiff argues that the Supreme Court held that when a federal contractor fails to follow the government's

---

[27] *Id.* at 3–4.

[28] *Id.* at 8; *Boyle v. United Technologies, Corp.* 487 U.S. 500 (1988); *Yearsley v. W.A. Ross Const. Co.,* 309 U.S. 18 (1940).

[29] *See Boyle*, 487 U.S. at 507.

[30] Rec. Doc. 11-1 at 10–11.

[31] *Id.* at 11.

[32] *Id.* at 20.

[33] *See Yearsley*, 309 U.S. at 20.

requirements or exceeds its authority, the *Yearsley* defense is unavailable.[34] In this case, Plaintiffs assert because Avondale did not follow the requirements set forth in the Walsh-Healey Act or the later OSHA regulations, Avondale failed to follow the government's requirements relating to asbestos handling.[35] Therefore, Plaintiffs argue Avondale cannot succeed on the *Yearsley* federal defense.[36]

### B. Avondale's Opposition to the Motion to Remand

In the opposition memorandum, Avondale asserts this case was properly removed to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[37] Avondale claims: (1) Avondale is properly considered a "person" under § 1442; (2) Avondale was acting under a federal officer; (3) former federal officers, and government contractors that acted under them, can remove under § 1442(a)(1); and (4) Avondale presents colorable federal defenses under both *Yearsley* and *Boyle*.[38]

First, Plaintiffs have not contested that Avondale is considered a "person" under § 1442, and Avondale claims it is not at issue.[39] Second, Avondale argues it was "acting under" a federal officer because the Fifth Circuit has "explicitly held that Avondale was acting under color of federal office when it constructed federal vessels," and this case is no different.[40] Third, Avondale urges this Court to reject Plaintiffs' arguments in favor of adopting the Eleventh Circuit's holding

---

[34] Rec. Doc. 11-1 at 20.

[35] *Id.*

[36] *Id.*

[37] Rec. Doc. 29.

[38] *Id.* at 10, 20, 22.

[39] *Id.* at 20.

[40] *See id.*; *Wilde v. Huntington Ingalls, Inc.,* 616 F. App'x 710, 713 (5th Cir. 2015).

in *State v. Meadows*,[41] which would render § 1442(a)(1) inapplicable to former federal officers. Avondale cites a recent case decided in this district, *Ditcharo v. Union Pacific R.R.*, in which the district judge rejected a *Meadows* guided remand argument.[42] Avondale argues that this Court should rely on Fifth Circuit precedent in *Latiolais v. Huntington Ingalls, Inc.* that established, in a similar case, Avondale was "acting under" federal officers when fulfilling their government contracts for ship building, which is sufficient for removal.[43]

Lastly, Avondale avers at least one of its claimed *Boyle* or *Yearsley* defenses is "colorable" as necessary for federal officer removal.[44] With respect to Avondale's *Boyle* government contractor defense, Avondale argues that *Latiolais*, where the plaintiff asserted the same theories of liability against Avondale as asserted in this case, found the *Boyle* defense colorable.[45] Avondale also claims it has a colorable *Yearsley* federal defense because Avondale both complied with the government's specifications in the contract and the contract was validly conferred to Avondale by the government.[46]

## C.   *Hopeman's Arguments in Opposition to the Motion*

Hopeman opposes Plaintiffs' motion, arguing that remand is improper because it has also asserted colorable *Boyle* and *Yearsley* defenses to Plaintiffs' strict liability claims, considering that the government required the use of certain asbestos-containing materials on the ships its

---

[41] *State v. Meadows,* 88 F.4th 1331, 1331 (11th Cir. 2023).

[42] No. 23-7399, 2024 WL 1433652, at *2 (E.D. La. Apr. 3, 2024) (Fallon, J.)

[43] Rec. Doc. 29 at 22;

[44] *Id.* at 9.

[45] *Id.* at 11.

[46] *Id.* at 19.

employees worked on at Avondale in the 1960s and 1970s.[47] Like Avondale, Hopeman argues that, at the jurisdictional stage, it need only show that the federal defenses are plausible, not that it will ultimately prevail on them.[48]

### D.    *Plaintiffs' Arguments in Further Support of the Motion*

In the reply brief, Plaintiffs argue that there is no connection or association between Decedent's exposure to asbestos and a government vessel.[49] Plaintiffs urge the Court to adopt the Eleventh Circuit's reasoning in *Meadows*.[50] Finally Plaintiffs argue that Avondale and Hopeman cannot establish a colorable federal defense.[51]

### E.    *Avondale's Notices of Supplemental Authority*

In the notices of supplemental authority, Avondale directs the Court to two recent decisions by other judges in this district declining to follow the Eleventh Circuit's reasoning in *Meadows*.[52]

## III. Legal Standard

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. The purpose of the Federal Officer Removal Statute is to protect the federal government from undue state interference of its lawful

---

[47] Rec. Doc. 23.

[48] *Id.*

[49] Rec. Doc. 31 at 1–2.

[50] *Id.* at 3–4.

[51] *Id.* at 4–5.

[52] *See* Rec. Doc. 33; Rec. Doc. 37.

activities.[53] Before § 1442(a)(1) was amended in 2011, a person acting under a federal officer could only remove a case to federal court if the state lawsuit was "for any act under color of such office." [54] This language was read to require "a causal nexus between the defendant's acts under color of federal office and the plaintiff's claims."[55] After the 2011 amendment, § 1442(a)(1) allows removal of a state suit "for *or relating to* any act under color of such office."[56] According to the Fifth Circuit, "[t]he plain meaning of the added language broadens the scope of the statute as the ordinary meaning of [the phrase 'relating to'] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"[57] But even after the 2011 amendment, the Fifth Circuit continued to require a "direct causal nexus" test.[58]

However, after examining the amended text § 1442(a)(1) closely in *Latiolais v. Huntington Ingalls, Inc.*, the United States Court of Appeals for the Fifth Circuit, sitting en banc, determined that its prior cases had "erroneously" relied on the causal nexus test after the 2011 amendment broadened § 1442(a)(1) by adding the "relating to" language.[59] The Fifth Circuit clarified the test courts should apply in federal officer removal cases moving forward. After *Latiolais*, a "defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged

---

[53] *See Mesa v. California*, 489 U.S. 121, 126 (1989); *Bartel v. Alcoa Steamship Co.*, 64 F. Supp. 3d 843, 852–53 (M.D. La. 2014) (Brady, J.), *aff'd sub nom. Bartel v. Alcoa S.S. Co.*, 805 F.3d 169 (5th Cir. 2015); *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011) (Vance, J.).

[54] 28 U.S.C. § 1442(a)(1) (emphasis added); *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017) (discussing the 2011 amendment).

[55] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 291 (5th Cir. 2020) (internal quotation marks omitted).

[56] *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017) (discussing the 2011 amendment).

[57] 28 U.S.C. § 1442(a)(1) (emphasis added); *Zeringue*, 846 F.3d at 793 (internal quotation marks omitted).

[58] *Latiolais*, 951 F.3d at 291.

[59] *Id.* at 295.

9

conduct is *connected or associated* with an act pursuant to a federal officer's directions."[60] The "connected or associated" language was held to replace the "causal nexus" test, providing for a looser required association between the charged conduct and the act under federal officer's orders.[61]

In general, in the context of federal officer removal, unlike the general removal statute, which must be strictly construed in favor of remand, the federal officer removal statute's language must be liberally interpreted.[62] Nonetheless, its "broad language is not limitless."[63] It is the removing party's burden to establish the existence of federal jurisdiction over the controversy.[64] An order remanding a case to state court that was removed pursuant to the federal officer removal statue is appealable under 28 U.S.C. § 1447(d) and is reviewed *de novo* by the Fifth Circuit, "without a thumb on the remand side of the scale."[65]

## IV. Analysis

As discussed above, the Fifth Circuit has held that federal officer removal is proper when a defendant demonstrates that: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.[66]

---

[60] *Id*. at 296 (emphasis added).

[61] *Id.*

[62] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute."); *Bartel*, 64 F. Supp. 3d at 852–53; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 529.

[63] *Watson*, 551 U.S. at 147; *Winters*, 149 F.3d at 397.

[64] *Winters*, 149 F.3d at 397; *St. Bernard Port, Harbor & Terminal Dist.*, 809 F. Supp. 2d at 530.

[65] *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 460 (5th Cir. 2016).

[66] *Latiolais,* 951 F.3d at 296.

Sitting en banc in a nearly identical asbestos exposure suit in *Latiolais*, the Fifth Circuit found that Avondale satisfied each factor for federal officer removal, and thus removal was proper.[67] This case does not present any novel facts from those in *Latiolais* that call for this Court to depart from that binding precedent.

Plaintiffs argue that despite *Latiolais* providing binding precedent on the issue of removal in this case, the Court should follow an Eleventh Circuit opinion that distinguished current federal officers from former federal officers in the context of removal.[68] In their Motion to Remand, Plaintiffs argue that Avondale *was* a person formerly acting pursuant to a federal officer's directions under the federal officer removal statute, and that fact should suggest federal officer removal is improper.[69] Plaintiffs cite *State v. Meadows*, in which the Eleventh Circuit held that § 1442(a)(1) federal officer removal only applies to *current* federal officers, not former federal officers.[70] In line with this reasoning, Plaintiffs argue that because Avondale is not *currently* acting under a federal officer, federal officer removal is improper under *Meadows*.[71] Plaintiffs implore the Court to adopt this reasoning and reject the Fifth Circuit's binding precedent in *Latiolais*.[72]

First, as an opinion from the Eleventh Circuit, the holding in *Meadows* is not binding on this Court. Additionally, the reasoning from *Meadows* does not clearly apply to the instant case. Meadows was a former federal officer who sought to remove a state criminal proceeding to federal

---

[67] *Id.* at 298.

[68] Rec. Doc 11-1 at 3–8. Plaintiffs do not appear to dispute that Avondale can properly be considered a "person" under the statute or that they, at one point, acted pursuant to a federal officer's direction. *See id.*

[69] *See id.*

[70] *Meadows*, 88 F.4th at 1338–39.

[71] *See* Rec. Doc 11-1 at 3–8.

[72] *See id.*

court.[73] Meadows was the chief of staff at the White House, but no longer held that role when he was prosecuted in *State v. Meadows*.[74] In this case, Avondale is a private party that was formerly acting *under* a federal officer's orders, not a federal officer itself like Meadows. Other judges in this district have relied on this distinction in declining to extend the reasoning in *Meadows* to similar asbestos related cases involving Avondale as a defendant.[75]

*Meadows* was a state criminal case brought against the very officer who removed the action to federal court. In this civil case, no federal officer is being sued. Avondale claims that it was acting under a federal officer's orders. Extending *Meadows* to this asbestos-exposure case goes to far. Therefore, the Court concludes that *Meadows* is factually distinguishable from the numerous Fifth Circuit cases holding that Avondale can remove asbestos-exposure claims under § 1442(a)(1).

Plaintiffs further argue that Avondale cannot establish a colorable federal defense under either *Boyle* or *Yearsley*, a requirement for federal officer removal.[76] To be "colorable, the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed."[77] Under *Boyle*, government contractor immunity applies if "(1) the United States approved reasonably precise

---

[73] *Meadows*, 88 F.4th at 1335.

[74] *Id.*

[75] *See, e.g., Ditcharo v. Union Pac. R.R. Co.*, No. 23-7399, 2024 WL 1433652, at *2 (E.D. La. Apr. 3, 2024) (Fallon, J.) (declining to extend the *Meadows* court's reasoning to a case involving Avondale on the grounds that it "did not comment on conduct of individuals who *formerly acted* under federal officers"); *Marcela v. Huntington Ingalls, Inc.*, No. 24-780, 2024 WL 2814044 at *4 (E.D. La. June 3, 2024) (Ashe, J.) (declining to extend the *Meadows* court's reasoning to a case involving Avondale because *Meadows* was a criminal case involving a former federal officer, not a civil case involving claims against a private party completing work under the direction of a federal officer).

[76] Rec. Doc. 11-1 at 8.

[77] *Latiolais*, 951 F.3d 286, 296 (quoting *Jefferson Cnty. Ala. v. Acker,* 527 U.S. 423, 431 (1990)) (internal quotation marks omitted).

specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States."[78] Avondale relied on this defense in *Latiolais*, where the Fifth Circuit sitting en banc held that federal officer removal was appropriate under substantially similar facts.[79] In the years since *Latiolais,* district courts have "repeatedly held that Avondale can remove" as a party that formerly acted under a federal officer.[80] There are no novel facts in this case that persuade the Court to find differently.

Plaintiffs cite several asbestos-exposure cases involving Avondale where the government contractor defense was dismissed on a motion for summary judgment.[81] The bar for what constitutes a colorable government contractor defense is not as high as what is necessary to survive summary judgment or to prevail on the merits.[82] As the Fifth Circuit has recognized, Avondale is not required to prove that this defense is clearly sustainable to have it removed.[83] The Court finds that Avondale has asserted a colorable *Boyle* federal defense at this jurisdictional stage.[84]

Finally, Plaintiff argues that Avondale has not provided any evidence linking asbestos from a government vessel to Decedent, and Avondale should not be permitted to remove the case based

---

[78] *Boyle*, 487 U.S. at 512.

[79] *Latiolais*, 951 F.3d 286, 297.

[80] *Falgout v. Anco Insulations, Inc.,* No. 21-1443, 2021 WL 4552549, at *1 (E.D. La. Oct. 5, 2021).

[81] Rec. Doc. 11-1 at 9.

[82] *See Boutte v. Huntington Ingalls, Inc.,* No. 22-3321, 2023 WL 2367438, at *3 (E.D. La. Mar. 6, 2023) (Zainey, J.).

[83] *Latiolais*, 951 F.3d 286, 296 (quoting *Jefferson Cnty. Ala. v. Acker,* 527 U.S. 423, 431 (1990)).

[84] Because one federal defense is sufficient under § 1442(a)(1), it is unnecessary to analyze Avondale's *Yearsley* defense for purposes of federal-officer removal. Similarly, because the Court finds that Avondale raises a plausible *Boyle* defense, it need not consider whether Hopeman also raise colorable federal defenses. Nevertheless, Hopeman also has a colorable federal defense under *Boyle. See Jackson v. Avondale*, 469 F. Supp. 3d 689 (E.D. La. 2020) (Fallon, J.).

on the fact that a government vessel may have been sitting in the shipyard at the same time Decedent worked there.[85] *Latiolais* overruled the stringent "direct causal nexus" standard that required a direct relationship between the defendant's actions under color of federal office and the plaintiff's claims.[86] Instead, the Fifth Circuit held that "any civil action that is connected or associated with an act under color of federal office may be removed."[87] In this case, if it is true that Hopeman Brothers worked with asbestos aboard government vessels while Decedent worked for Avondale,[88] any exposure Decedent suffered from that asbestos is "connected" with actions under a federal office because the asbestos was installed pursuant to contracts with the U.S. government. These alleged facts are sufficient for removal under the relaxed standards of causation in § 1442(a)(1) after the 2011 amendment.

## **V. Conclusion**

In short, this case was properly removed to this Court under the federal officer removal statute. Avondale has met the four-part test for federal officer removal. Namely, Avondale is a person within the meaning of the statute, Avondale acted pursuant to a federal officer's directions, the charged conduct was connected or associated with the act, and Avondale has a colorable federal defense to Plaintiffs' claims under the government contractor immunity defense.

Accordingly,

---

[85] Rec. Doc 11-1 at 1-2.

[86] *Latiolais*, 951 F.3d at 291.

[87] *Id.* at 296.

[88] *See* Rec. Doc. 24-32; Rec. Doc. 24-33.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[89] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___8th___ day of July, 2024.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT**

---

[89] Rec. Doc. 11.