UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC DANDRY CONSTANZA AND MONICA DANDRY CONSTANZA | CIVIL ACTION |
| VERSUS | CASE NO. 24-871 |
| SPARTA INSURANCE COMPANY, ET AL. | SECTION: "G"(5) |

### ORDER AND REASONS

Before the Court is Defendant SPARTA Insurance Company's ("SPARTA") Motion to Stay or Alternatively, Sever and Stay, Plaintiffs Erica Dandry Constanza and Monica Dandry Haller's (collectively, "Plaintiffs") Claims.[1] In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants a stay of the claims against SPARTA and denies the request for a severance.

---

[1] Rec. Doc. 65.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to suit against SPARTA and Avondale, Plaintiffs bring suit against Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., and Uniroyal Holding, Inc.

[4] *Id.*

1

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[5] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[6] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[7] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[8] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[9] Plaintiffs claim "Avondale and its executive officers[] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[10]

Plaintiffs state SPARTA is responsible for the liability insurance policies issued to executive officers of Avondale.[11] SPARTA, on the other hand, claims it does not bear any responsibility for policies issued to Avondale, which were originally issued by American

---

[5] Rec. Doc. 1-3 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 5.

[10] *Id.*

[11] *Id.* at 3–4.

Employers' Insurance Company ("AEIC").[12] SPARTA claims Pennsylvania Insurance Company ("PIC") is the successor of these polices, making PIC the responsible insurer.[13] SPARTA claims the issue of which company bears responsibility for the policies issued by AEIC is currently being litigated in the District of Massachusetts, and a stay of claims against SPARTA for coverage liability is warranted until that question is decided by the District of Massachusetts.[14]

Based on this alleged parallel litigation, on November 18, 2024, SPARTA filed the instant Motion to Stay or, Alternatively, Sever and Stay, Plaintiffs' Claims.[15] On December 3, 2024, Plaintiffs filed an Opposition to SPARTA's Motion.[16] On December 9, 2024, SPARTA filed a Reply in further support of the Motion.[17]

## II. Parties' Arguments

### A. *SPARTA's Arguments in Support of its Motion*

SPARTA argues Plaintiffs' claims against it should be stayed, or severed and stayed, based on ongoing litigation in the District of Massachusetts addressing a question central to this case—whether SPARTA bears any responsibility for AEIC policies issued to Avondale.[18] SPARTA claims it did not issue the AEIC polices, and that there are a "myriad" of contractual and factual issues involved in determining whether SPARTA or PIC are responsible for historic AEIC policies, an

---

[12] Rec. Doc. 65-1 at 3.

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 65.

[16] Rec. Doc. 66.

[17] Rec. Doc. 69.

[18] *See* Rec. Doc. 65-1 at 3.

issue SPARTA asserts is before the District of Massachusetts.[19] SPARTA maintains PIC is responsible for the AEIC policies issued to Avondale because of a 2007 stock purchase agreement between SPARTA and PIC.[20] SPARTA argues, without a stay of claims against SPARTA, SPARTA would be forced to litigate the same issues currently facing litigation in the action in the District of Massachusetts.[21]

SPARTA cites the "first-to-file rule," which SPARTA contends calls for district courts to dismiss, transfer, or stay an action where the issues presented are to be resolved in an earlier-filed action.[22] SPARTA claims the first-to-file rule is triggered when there exists a "substantial overlap" between the issues presented in two actions.[23] Here, SPARTA asserts it faces suit solely as a direction action defendant insurer under an excess coverage policy it did not issue, but that AEIC issued in the 1970s to Avondale.[24] SPARTA claims the question of what party is responsible for payment of claims under an insurance policy is necessary to solve before "any coverage issues can even be considered."[25] SPARTA argues there is no way to assess its liability in this case without first litigating whether SPARTA is the successor of the AEIC policies, an issue SPARTA claims is before the District of Massachusetts.[26] SPARTA claims, if litigation on this question were to move forward before this Court, SPARTA would be required to raise identical allegations for its

---

[19] *Id.* at 8.

[20] *See id.* at 2.

[21] *Id.* at 4.

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.* at 6.

[25] *Id.*

[26] *Id.*

4

responsibility for the AEIC polices it has already presented to the District of Massachusetts, pointing to substantial overlap of the cases.[27] SPARTA contends that allowing this case and the one before the District of Massachusetts to proceed concurrently risks contradictory rulings that would create duplication of efforts.[28]

SPARTA argues staying Plaintiffs' claims against SPARTA will not prejudice or impede Plaintiffs' ability to proceed with litigating the underlying merits of the lawsuit.[29] SPARTA contends Plaintiffs have asserted no substantive claims against SPARTA, only a procedural action against SPARTA under Louisiana's Direct Action Statute.[30] If the Court grants this Motion, SPARTA avers, Plaintiffs will not be limited in proceeding with their substantive claims against Avondale, its executive officers, or other defendants related to Decedent's alleged asbestos exposure.[31] Once the District of Massachusetts determines which party is responsible for AEIC's historical claims, this Court can lift the stay and adjudicate the coverage issues under the AEIC polices, if any present themselves.[32]

Alternatively, SPARTA contends severance of Plaintiffs' claims against SPARTA is proper.[33] SPARTA argues Plaintiffs' claims under the Direct Action Statute against SPARTA are wholly separate questions of law from Plaintiffs' claims against Avondale and other defendants for

---

[27] *See id.* at 7–8.

[28] *Id.* at 8.

[29] *Id.*

[30] *Id.* at 8–9; LA Rev Stat § 22:1269 (2024).

[31] Rec. Doc. 65-1 at 9.

[32] *Id.*

[33] *Id.* at 10.

liability.[34] SPARTA contends severance would promote judicial economy and that Plaintiffs will likely never need to pursue claims against SPARTA because Plaintiffs could collect the entire judgment from any defendant found liable at trial.[35] Further, SPARTA argues the Court may never need to take up Plaintiffs' claims against SPARTA under the Direct Action statute should Avondale prevail on the merits or if a jury's award does not reach the limits triggering the underlying policy.[36]

Lastly, SPARTA addresses another Section of this Court's decision in *Legendre v. Louisiana Insurance Guaranty Association*, where that Court found, in an almost identical situation, that it was not convinced the action before it substantially overlapped with the litigation in front of the District of Massachusetts.[37] SPARTA contends this Court should follow the reasoning in *Rivet v. Huntington Ingalls* and *Giarrantano v. Huntington Ingalls*, where other Sections of this Court ruled, in similar circumstances, to stay claims against SPARTA.[38]

### B.  *Plaintiffs Arguments in Opposition*

In Opposition,[39] Plaintiffs argue they filed a claim against SPARTA pursuant to the Louisiana Direct Action Statute, not against PIC, the company that SPARTA argues may be responsible for the AEIC policies issued to Avondale.[40] Plaintiffs argue the actions Plaintiffs filed have "nothing to do with the stock-purchase agreement" between SPARTA and PIC that occurred

---

[34] *Id* at 10–11.

[35] *Id.* at 11.

[36] *Id.*

[37] *Id.* at 13 (citing *Legendre v. Louisiana Ins. Guaranty Ass'n,* 2024 WL 1624857 (E.D. La. April 15, 2024) (Fallon, J.)).

[38] *Id* at 13–14 (citing *Giarrantano v. Huntingon Ingalls Inc.*, 2023 WL 2809967 (E.D. La. April 6, 2023) (Vitter, J.); *Rivet v. Huntingon Ingalls Inc.*, 2023 WL 3434992 (E.D. La. May 12, 2023) (Barbier, J.)).

[39] Rec. Doc. 66.

[40] *Id.* at 2.

in 2007.[41] Plaintiffs assert they sued SPARTA under the Louisiana Direct Action Statute because SPARTA is AEIC, but simply changed its name to SPARTA in 2007.[42] The case at bar, Plaintiffs contend, does not involve indemnity obligations between PIC and SPARTA and the action before the District of Massachusetts does not involve Plaintiffs' asbestos related personal injury and death claims.[43] Plaintiffs aver the resolution of the action before the District of Massachusetts will have "no effect on whether Plaintiffs can recover damages based on policies of insurance issued by [SPARTA] to Avondale's executive officers."[44]

Plaintiffs argue SPARTA is attempting to use the stock purchase agreement between it and PIC to delay Plaintiffs from pursuing claims against SPARTA.[45] Plaintiffs contend Louisiana law prohibits insurers from "using post-injury agreements to inhibit rights of third-party tort victims to pursue claims against those insurers."[46]

Plaintiffs additionally assert the first-to-file rule does not apply to Plaintiffs' claims against SPARTA because the parties and issues in the action before the District of Massachusetts and this case do not "substantially overlap."[47] Plaintiffs allege the only parties to the suit before the District of Massachusetts are SPARTA and PIC, while the present case involves over ten defendants and

---

[41] *Id.*

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.*

[45] *Id.* at 4.

[46] *Id.* (citing *Courville v. Lamorak Ins. Co.*, 302 So.3d 557 (La. App. 4 Cir. 5/27/20)).

[47] *Id.* at 4–5.

Plaintiffs.[48] Plaintiffs aver the only party in common is SPARTA.[49] Plaintiffs argue they should "not be forced to stand aside" while SPARTA and PIC settle who is responsible for the AEIC policies.[50] Plaintiffs further argue the litigation in Massachusetts involves only the question of whether SPARTA or PIC is responsible for AEIC's policies, while this case involves personal injury claims and does not involve indemnity obligations between PIC and SPARTA.[51]

Plaintiffs assert Louisiana law provides a statutory right, under the Direct Action Statute, for injured third-parties to pursue action against insurance companies.[52] Plaintiffs aver they have a right to a jury trial regarding whether SPARTA is liable for policies issued to Avondale's executive officers.[53] Plaintiffs further argue the balance of convenience weighs in favor of not staying Plaintiffs' claims against SPARTA and trying the case in the Eastern District of Louisiana.[54]

Lastly, Plaintiffs argue PIC's potential liability arises only from the alleged stock purchase agreement in 2007.[55] Plaintiffs point out they have not pursued action against PIC in this matter, and thus, any issues involving the stock purchase agreement are not raised in this case.[56]

---

[48] *Id.* at 6.

[49] *Id.*

[50] *Id.* at 6–7.

[51] *Id.* at 8.

[52] *Id.* at 9.

[53] *Id.* at 12.

[54] *Id.* at 13.

[55] *Id.* at 14.

[56] *Id.*

### C.     *SPARTA's Arguments in Reply*

In Reply,[57] SPARTA reasserts, regardless of if SPARTA is a party, PIC is party, or SPARTA and PIC are both parties, the relevant inquiry is which of them is responsible for the policies issued by AEIC.[58] SPARTA asserts it is up to Plaintiffs to prove which insurer is responsible for paying claims pursuant to the policies.[59] SPARTA further alleges Plaintiffs' claims against SPARTA are not substantive, but are a procedural right of action that is a derivative of Plaintiffs' substantive claims against Avondale and its executive officers.[60] SPARTA argues, even if the claims against SPARTA are stayed in this litigation, the substantive claims against Avondale and its executive officers may proceed, and SPARTA's participation in trial is not necessary.[61]

### III. Legal Standard

### A.     *First-to-File Rule*

The first-to-file rule is a discretionary doctrine that may be applied by one federal court when a related case is pending before another federal court.[62] If there exists "substantial overlap" between a case before another federal court and a newly pending case, "the court in which the case was filed may refuse to hear it."[63] "The rule rests on principles of comity and sound judicial administration."[64] The rule is meant to "maximize judicial economy and minimize embarrassing

---

[57] Rec. Doc. 69.

[58] *Id.* at 1–2.

[59] *Id.* at 2.

[60] *Id.* at 3.

[61] *Id.*

[62] *Green Tree Servicing, LLC v. Clayton*, 689 F.Appx. 363, 367 (5th Cir. 2017).

[63] *Id.* (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011) (internal quotation marks omitted)).

[64] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

9

inconsistencies by prophylactically refusing to hear a case raising issues that may substantially duplicate those raised by a case pending in another court."[65] To fall under this rule, cases need not be identical, but there must exist some "substantial overlap" between the cases.[66] Substantial overlap calls for consideration of factors such as whether the core issues of the suits are the same or if much of the proof and evidence adduced would likely be identical between the cases.[67]

### IV. Analysis

In this case, SPARTA only seeks to stay the coverage claim against itself as the potential responsible insurer for AEIC's historical polices issued to Avondale.[68] SPARTA does not seek to stay the substantive claims against Avondale and its executives which include fraud, negligence, product liability, and a failure to warn.[69] As a result, this Court only considers whether a stay is warranted as to Plaintiffs' claims against SPARTA.

It is not disputed that AEIC was the original issuing insurer of the policies provided to Avondale in the 1970s when Decedent's alleged injuries regarding exposure to asbestos occurred.[70] It is additionally undisputed that a stock purchase agreement between SPARTA and PIC occurred in 2007.[71] While Plaintiffs' Complaint names SPARTA as the insurer of Avondale and its executives,[72] SPARTA maintains it is not the responsible insurer for the AEIC policies issued to

---

[65] *Id.* at 604 (emphasis omitted).

[66] *Save Power Ltd. v. Syntak Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

[67] *International Fidelity*, 665 F.3d at 678.

[68] *See* Rec. Doc. 65.

[69] Rec. Doc. 65-1 at 10–11.

[70] *See* Rec Docs. 65, 66.

[71] *See* Rec. Docs. 65, 66.

[72] Rec. Doc. 1.

Avondale due to the 2007 stock purchase deal with PIC.[73] Regardless of the merits of the arguments on either side of this issue, this Court is not tasked with resolving this dispute in resolution of this motion. Instead, this Court is tasked with determining if the litigation before the District of Massachusetts allegedly aimed at resolving which party is the responsible insurer for AEIC's historical policies satisfies the "first-to-file" rule, thus warranting a stay of coverage claims against SPARTA in this case.

To satisfy the first-to-file rule, a later action must have "substantial overlap" with an earlier action filed in another federal court.[74] Exact similarity between two cases is not required, instead, the inquiry should include consideration of factors such as whether the core issues of the suits are the same or if much of the proof and evidence adduced would likely be identical between the cases.[75]

The case before the District of Massachusetts is a declaratory action aimed at answering whether a 2007 stock purchase agreement between SPARTA and PIC resulted in PIC agreeing to indemnify "and hold harmless SPARTA for, among other things, all of the liabilities for insurance policies issued by AEIC and all of the business of AEIC prior to acquisition."[76] The stock purchase agreement between SPARTA and PIC occurred in 2007, meaning the AEIC policies from the 1970s of which Avondale subscribed are potentially subject to the stock purchase agreement.[77] In this case, Plaintiffs will have to demonstrate which party is the responsible insurer in order to recover under the policy. Thus, the core issue of which party is responsible for the AEIC policies issued to

---

[73] *See* Rec. Doc. 65-1 at 2.

[74] *Save* Power, 121 F.3d at 950.

[75] *International Fidelity*, 665 F.3d at 678.

[76] Rec. Doc. 66-2 at 2.

[77] *See id.*

Avondale is identical in the case before the District of Massachusetts and in this case. The proof and evidence, as far as what is relevant to demonstrating which party is the responsible insurer, would be identical in nature in both cases considering the exact same issue is in question. This points to a direct and substantial overlap between the case before the District of Massachusetts and claims against SPARTA in this case.

Substantial overlap is not eviscerated, as Plaintiffs claim, by both Plaintiffs and the alleged tortfeasors in this case, as well as the claims against them, being unique.[78] Plaintiffs' claims against these potential tortfeasors are unquestionably unique to this action, but the inquiry of whether SPARTA is liable under the AEIC policies is not. SPARTA seeks a narrow stay of claims against it until that question is resolved in a parallel action, it does not request a stay of litigation of claims against the alleged tortfeasors in this case. Considering the motion to stay only contemplates the coverage claims made against SPARTA, the substantive claims against other parties involved in this case are not relevant in determining if substantial overlap exists.

Plaintiffs additionally claim the first-to-file rule should be relaxed in instances where the balance of convenience weighs in favor of the later-filed action.[79] Plaintiffs argue all of Plaintiffs' claims arise out of exposure to asbestos in Louisiana, pointing to Louisiana as the most convenient venue for these proceedings, not Massachusetts.[80] But Plaintiffs' claims related to exposure of asbestos are not contemplated in SPARTA's Motion.[81] Plaintiffs will continue to litigate their claims against the alleged tortfeasors before this Court. The only claim stayed is the coverage claim

---

[78] Rec. Doc. 66 at 5–9.

[79] Rec. Doc. 66 at 12.

[80] *See id.*

[81] Rec. Doc. 65-1.

against SPARTA, until the District of Massachusetts determines if SPARTA or PIC is the responsible insurer. The question of which insurer is the proper party responsible does not arise out of the Decedent's alleged exposure to asbestos. Even so, Plaintiffs' coverage claims under the Direct Action Statute against the responsible insurer will still be resolved before this Court, once the correct responsible insurer is determined by the District of Massachusetts.

In line with this reasoning, staying the litigation against SPARTA will not take away Plaintiffs' rights under Louisiana's Direct Action Statute, as Plaintiff claims.[82] The Direct Action Statue affords insureds "a direct cause of action against insurers . . . ."[83] Staying litigation against SPARTA for coverage claims until the resolution of the action before the District of Massachusetts does not eliminate Plaintiffs' ability to pursue the action against whichever insurer, SPARTA or PIC, is deemed responsible for the AEIC policies. Once the proper responsible party is identified by the District of Massachusetts, Plaintiffs will be able to pursue action against that insurer under the Direct Action Statute.

Lastly, staying the litigation against SPARTA will not affect Plaintiffs' right to a jury trial.[84] Again, once the District of Massachusetts determines if SPARTA or PIC is responsible for the AEIC policies, Plaintiffs are free to pursue the coverage claims against that insurer on questions of coverage liability all the way to a jury trial, if necessary.

---

[82] *Id.* at 9–12.

[83] *Albany Ins., Co. v. Bengal Marine, Inc.*, 857 F.2d 250, 255 (5th Cir. 1988). The Direct Action Statute was amended on August 1, 2024, now providing that no direct action lies against an insurer except in limited circumstances. *Rogers v. Griggin*, 2024 WL 5183219, at *1 (La. App. 5 Cir. 12/20/24). The Direct Action Statute applies retroactively, but only to cases in which plaintiffs had not yet invoked their procedural right to sue an insurer before the effective date of the amendment, August 1, 2024. *Id.* at *3. Here, Plaintiffs filed action on March 1, 2024, five months before the amendment to the Direct Action Statute was effective. Rec. Doc. 1-3 at 1. Thus, Plaintiffs retain their right to sue an insurer under the Direct Action Statute in place prior to August 1, 2024.

[84] Rec. Doc. 66 at 9–14.

13

Considering this Court finds it appropriate to stay claims against SPARTA pending the resolution of the declaratory action before the District of Massachusetts, the Court declines to sever the claims against SPARTA.

## V. Conclusion

In all, there exists a substantial overlap between the claims against SPARTA in this case and the pending declaratory action in the District of Massachusetts. Particularly, the case before the District of Massachusetts will determine whether SPARTA or PIC is the responsible insurer for policies issued by AEIC prior to 2007, which include the policies issued to Avondale in the 1970s when Decedent worked for Avondale. Once the proper responsible party is identified, Plaintiffs will have the right to pursue an action against that insurer under the policy as guaranteed by Louisiana's Direct Action Statute. Until the responsible party is identified by the District of Massachusetts, all coverage claims against SPARTA are stayed. Accordingly,

**IT IS HEREBY ORDERED** that Defendant SPARTA Insurance Company's Motion to Stay or Alternatively, Sever and Stay, Plaintiffs Erica Dandry Constanza and Monica Dandry Haller's Claims[85] is **GRANTED IN PART** and **DENIED IN PART**. SPARTA's request for a stay of claims against it is granted, but SPARTA's request for a severance of claims against it is denied.

**NEW ORLEANS, LOUISIANA,** this 14th day of May, 2025.

                                  **NANNETTE JOLIVETTE BROWN**
                                  **CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**

---

[85] Rec. Doc. 65.