UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls Incorporated's ("Avondale") Motion to Stay and to Continue Trial.[1] In this litigation, Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner (collectively, "Plaintiffs") allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Avondale,[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Avondale moves the Court to stay this litigation in its entirety until litigation between Defendant SPARTA Insurance Company ("SPARTA") and Pennsylvania Insurance Company ("PIC") pending in the United States District Court for the District of Massachusetts is

---

[1] Rec. Doc. 96.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition Avondale, Plaintiffs bring suit against SPARTA Insurance Company Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., and Uniroyal Holding, Inc.

[4] *Id.*

1

resolved.[5] Plaintiffs oppose the motion.[6] Having considered the motion, the memoranda in support and opposition, the record, and the appliable law, the Court denies the motion.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[7] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[8] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[9] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[10] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[11] Plaintiffs claim "Avondale and its executive officers[] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

---

[5] Rec. Doc. 96.

[6] Rec. Doc. 107.

[7] Rec. Doc. 1-3 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 5.

[12] *Id.*

2

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

On May 14, 2025, this Court granted a Motion to Stay Claims by Plaintiffs against SPARTA, pending the resolution of litigation in the District of Massachusetts between SPARTA and PIC.[16] The Court found that there is a substantial overlap between the claims against SPARTA in this case and the pending declaratory action in the District of Massachusetts.[17] Specifically, the case before the District of Massachusetts will determine whether SPARTA or PIC is the responsible insurer for policies issued to Avondale in the 1970s when Decedent worked for Avondale.[18] The Court reasoned that Plaintiffs could then pursue an action against the correct insurer under Louisiana's Direct Action Statute.[19] The Court specifically noted that SPARTA was only seeking a stay of the coverage claims pending against it as the potential responsible insurer for historical

---

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 71.

[17] *Id.* at 14.

[18] *Id.*

[19] *Id.*

3

policies issued to Avondale, and the substantive claims against Avondale and its executives would not be stayed.[20]

On June 24, 2025, Avondale filed the instant Motion to Stay and to Continue Trial.[21] On June 26, 2025, Defendants Foster Wheeler LLC, General Electric Company, and Paramount Global joined and adopted Avondale's Motion.[22] On June 27, 2025, Bayer CropScience, Inc. joined and adopted Avondale's Motion.[23] On July 1, 2025, Plaintiffs filed an Opposition to Avondale's Motion or Alternatively Request to Lift Stay as to SPARTA.[24] On July 7, 2025, Avondale filed a Reply in further support of the Motion.[25]

## II. Parties' Arguments

### A.  *Avondale's Arguments in Support of their Motion*

Avondale argues Plaintiffs' claims against it should be stayed and the trial continued, based on ongoing litigation in the District of Massachusetts addressing a question central to this case—whether SPARTA bears any responsibility for AEIC policies issued to Avondale.[26] Avondale claims that SPARTA is the insurer of fifteen of Avondale's executive officers whose virile shares would not be considered by the jury because of the stay against SPARTA.[27] Further, Avondale alleges that Defendants will face substantial hardship if this case is not stayed, because of the applicability of

---

[20] *Id.* at 10.

[21] Rec. Doc. 96.

[22] Rec. Doc. 98. General Electric Company and Foster Wheeler LLC were subsequently dismissed from this case on August 20, 2025. Rec. Docs. 176, 177.

[23] Rec. Doc. 101.

[24] Rec. Doc. 108.

[25] Rec. Doc. 110.

[26] *See* Rec. Doc. 65-1 at 3.

[27] Rec. Doc. 96-1 at 2.

joint and several liability, which could result in Defendants bearing "considerably higher portions" of a verdict, without the responsible insurer's contribution.[28] Avondale argues that Defendants would be prejudiced and the litigation would proceed inefficiently due to the need for a separate trial between Plaintiffs and the responsible insurer.[29] Additionally, Avondale claims it would need to intervene in that second trial to maintain its contribution rights against the appropriate insurer.[30] Avondale asserts that having two separate trials over the same subject matter is contrary to law, will result in inefficiency, could potentially produce inconsistent verdicts, and will unduly prejudice Defendants.[31]

Avondale notes that the *Landis* Factors should guide the Court's exercise of judgment when determining whether to grant a stay.[32] First, Avondale alleges that it "would be a hardship on Defendants if the Court does not stay this case."[33] "Specifically, if the liability of Sparta for the fault of Avondale's alleged executive officers cannot be considered by the jury for the survival action, potentially fifteen (15) virile shares will not be counted resulting in Defendants bearing substantially higher portions of any verdict."[34]

Second, Avondale claims that the only prejudice to Plaintiffs that could result from a stay of all claims is merely "a delay in the trial" of the case.[35] Third, Avondale states that the interests

---

[28] *Id*. at 2.

[29] *Id*.

[30] *Id*.

[31] *Id*.

[32] *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

[33] *Id*. at 7.

[34] *Id*.

[35] *Id*. at 8.

of judicial economy weigh in favor of a stay because proceeding to trial in this case on December 1, 2025, will burden the Court by potentially resulting "in two trials with the same law and evidence being at issue in both trials."[36] Avondale argues that because the fifteen Avondale executive officers allegedly insured by SPARTA will not be parties to the December 1, 2025 trial, any defendant found at fault will be forced to intervene in a second trial in order to obtain contribution.[37] Avondale also asserts there is a risk of inconsistent verdicts, because the Avondale executive officers will have their fault at issue for determining the apportionment for wrongful death damages.[38]

### B.   *Plaintiffs Arguments in Opposition*

In Opposition,[39] Plaintiffs argue that this Court "specifically allowed Plaintiffs to litigate their claims against the remaining alleged tortfeasors"[40] when it granted SPARTA's Motion to Stay.[41] Plaintiffs point out the Court ruled that the liability of Avondale's "executive officers would proceed to trial, but that the coverage claim would be halted" until the litigation in Massachusetts was resolved.[42] Plaintiffs argue that this means Avondale's assertion that the liability of its executive officers will not be resolved in the December 1, 2025 trial is without merit.[43]

---

[36] *Id.*

[37] *Id.*

[38] *Id.* at 9 (citing Louisiana Civil Code Article 2323 (providing the fault of parties and non-parties shall be apportioned regardless of ability to pay or immunity from liability)).

[39] Rec. Doc. 108.

[40] *Id.* at 2.

[41] Rec. Doc. 71.

[42] Rec. Doc. 108 at 2.

[43] *Id.*

Further, Plaintiffs assert the liability of Avondale's executive officers would be assessed in the initial trial regardless of the claims against SPARTA.[44] Plaintiffs note that the Louisiana Supreme Court has held that comparative fault law is applicable to a plaintiff's wrongful death action if the death occurred after August 1, 1980.[45] Plaintiffs maintain that the only issue that might remain after the initial "trial is Plaintiff's coverage claim against" SPARTA.[46] Plaintiffs argue that if the Court granted Avondale's Motion Plaintiffs would suffer from "significant and unavoidable" prejudice.[47]

Alternatively, Plaintiffs request that the Court lift the stay as to SPARTA.[48] Plaintiffs assert the pending litigation in Massachusetts is irrelevant because "a victory in the Massachusetts proceeding for Sparta simply gives Sparta the right to seek indemnity from" the other party in that proceeding.[49] Plaintiffs argue that whether or not a third party indemnifies SPARTA, does not affect SPARTA's "liability owed to Plaintiffs pursuant to Louisiana's Direct Action Statute."[50]

Plaintiffs state that the *Landis* factors weigh against granting Avondale's Motion and address each factor in turn.[51] First, Plaintiffs argue that Avondale's preference to have SPARTA involved in the December 1, 2025 trial is "not sufficient to warrant a stay of pending litigation"

---

[44] *Id.*

[45] *Id.*

[46] *Id.* at 3.

[47] *Id.*

[48] *Id.*

[49] *Id.* at 4

[50] *Id.* at 5.

[51] *Id.*

against all other defendants.[52] Plaintiffs further allege that Avondale's contribution rights against SPARTA will be preserved, so Avondale will not face hardship by being forced to proceed to trial without SPARTA as a co-defendant.[53] Second, Plaintiffs argue that they would be prejudiced if this matter was further delayed.[54] Third, Plaintiffs argue the interests of judicial economy do not weigh in favor of a stay because SPARTA is not a necessary party at the December 1, 2025 trial.[55] Further, Avondale's preference to have SPARTA as a co-defendant does not warrant a stay of the matter as to Avondale.[56]

C.   *Avondale's Arguments in Reply*

In Reply,[57] Avondale states, that it does not oppose the stay being lifted as to SPARTA.[58] Avondale reasserts that Defendants will bear a substantial hardship by potentially bearing "substantially higher portions of any verdicts" and the possibility of having to intervene in a second trial to maintain their rights of contribution against SPARTA.[59] Avondale also asserts two different juries could apportion damages differently, especially when taking into consideration that Avondale's executive officers would only have counsel representing them through their insurer at the second trial.[60] Avondale concludes by reasserting "[t]wo trials involving the same exact issues

---

[52] Rec. Doc. 108 at 6.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 8.

[56] *Id.*

[57] Rec. Doc. 110.

[58] *Id.* at 1.

[59] *Id.* at 2.

[60] *Id.* at 3.

is contrary to law and a textbook example of judicial inefficiency that will likely result in inconsistent jury verdicts due to the application of virile share principles and the absence of up to 15 potentially liable parties at the first trial."[61]

### III. Legal Standard

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[62] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[63] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[64] In determining whether a stay should be granted, "courts consider the following factors as set out in *Landis v. North American Co.*: (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[65]

### IV. Analysis

As an initial matter, the Court addresses the parties request that the Court lift the earlier stay granted as to SPARTA as an alternative to ruling in favor of the opposing party on the instant motion. The motion presently before the Court is not a motion for reconsideration. All arguments

---

[61] *Id.* at 7.

[62] 299 U.S. 248, 254 (1936).

[63] *Id.* at 254 –55.

[64] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[65] *Falcone*, 2021 WL 3679616 at *4 (E.D. La. July 20, 2021) (Brown, J.) (citing *Cortez v. Lamorak Insurance Co.*, 2021 WL 2018073, at *1 (E.D. La., 2021)).

9

regarding the stay as to SPARTA should have been submitted in relation to SPARTA's Motion to Stay.[66] Avondale had an opportunity to oppose SPARTA's Motion to Stay, but chose not to file an opposition. Even if the Court were to construe the instant pleadings as a motion for reconsideration, the parties have not shown that reconsideration is warranted. Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[67] It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made raised earlier.[68]

It is not disputed that if the Court denies the instant motion, Avondale and Plaintiffs could pursue their claims against SPARTA, the insurer purportedly providing coverage to Avondale's fifteen executive officers, in a second trial once the stay against SPARTA is lifted.[69] The main reasoning in staying the claims against SPARTA was because the Massachusetts litigation will resolve whether SPARTA, or another insurance company who has not been named in this case, is actually responsible for providing that coverage. This reasoning remains sound.

Each party provides ancillary arguments on their positions for or against the instant motion.[70] However, the *Landis* factors guide this Court's discretionary power here so it will address each parties' arguments regarding these factors. Applying the *Landis* factors here, the Court finds a stay is not warranted.

---

[66] Rec. Doc. 65.

[67] *Waltman v. Intl. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[68] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).

[69] *See* Rec Docs. 96-1 at 2, 108 at 6.

[70] *See Id.* (Avondale argues under Rule 42(b) separate trials are not appropriate here. However, an analysis under Rule 42(b) is not relevant for a motion to stay and should primarily be considered when analyzing a motion for separate trial.); *In re Tomlin*, 2002 WL 32136199, at *1 (Bankr. N.D. Tex. 2002) (discussing that Federal Rule of Civil Procedure 42(b) specifically applies to motions for separate trial).

A.   **Hardship on Defendants**

Avondale argues that it would face "substantial hardship" unless a stay is granted.[71] Avondale asserts that due to the applicability of joint and several liability it could bear considerably higher portions of a potential verdict without SPARTA as a co-defendant.[72] Plaintiffs respond that Avondale does not face substantial hardship because their contribution rights are preserved even if the instant motion is denied.[73]

While Avondale may face some hardship from a delay pursing its contribution claims against SPARTA once the stay as to them is lifted, the Court has already contemplated the hardship of a second trial against SPARTA in its order staying the claims against SPARTA.[74] Although that contemplation was regarding Plaintiffs' ability to pursue claims against SPARTA, Avondale notably did not oppose SPARTA's Motion to Stay.[75] Had Avondale opposed the stay as to SPARTA this Court would have also found that Avondale does not suffer from undue hardship by having to pursue claims against SPARTA in a second trial. This Court finds Plaintiffs' arguments persuasive and weighs the first *Landis* factor in favor of denying the stay.

B.   **Prejudice to Plaintiffs**

Avondale argues that the only prejudice that Plaintiffs will face if this matter is stayed is a "delay in the trial."[76] Plaintiffs agree that a delay in trial would prejudice them. Further, Plaintiffs

---

[71] Rec. Doc. 96-1 at 2.

[72] *Id.* at 7.

[73] Rec. Doc. 108 at 6.

[74] Rec. Doc. 71 at 13 ("Plaintiffs will be able to pursue action against that insurer under the Direct Action Statute.").

[75] Rec. Doc. 65.

[76] Rec. Doc. 96-1 at 8.

argue they will be substantially harmed if the stay is granted given the one and a half years that have passed since the Complaint was filed, coupled with Fifth Circuit precedent recognizing substantial harm in mesothelioma cases where decedent's survivors are delayed recovery.[77] The Court agrees with Plaintiffs and weighs the second *Landis* factor in favor of denying the stay.

### C.    *The Interests of Judicial Economy*

Avondale argues that the third *Landis* factor weighs in favor of granting a stay because the Court will be burdened by potentially hearing "two trials with the same law and evidence being at issue in both trials."[78] Avondale cites *Falcone* and *Hotard*, where this Court found that judicial economy would be frustrated, and the third *Landis* factor favored granting a stay.[79] While this Court agrees that granting a stay is not judicially economical, unlike the cases cited by Avondale here the Court finds the other two *Landis* factors weigh in favor of denying the stay. Accordingly, considering the three *Landis* factors, the Court finds that a stay against all parties is not necessary.

## V. Conclusion

In all, the Court has broad discretion in determining whether a stay is appropriate. Here, this Court finds that the first and second *Landis* factors weigh in favor of denying the instant motion. Although the third factor weighs in favor of granting the instant motion, the Court has determined that the *Landis* factors in their totality weigh in favor of denying the Motion to Stay and Continue Trial.[80] All claims against Avondale and the other defendants remaining in this matter are set to proceed to trial on December 1, 2025.

---

[77] Rec. Doc. 108 at 7; *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 441 (5th Cir. 2001).

[78] Rec. Doc. 96-1 at 8.

[79] Rec. Doc. 110 at 4; *Falcone*, 2021 WL 3679616, at *4; *Hotard*, 2021 WL 2982983, at *6.

[80] Rec. Doc. 96.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Huntington Ingalls Incorporated's Motion to Stay and to Continue Trial[81] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  15th  day of September, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[81] Rec. Doc. 96.