UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") "Motion for Summary Judgment that Michael Dandry, Jr. Had Mesothelioma, that Michael Dandry, Jr.'s Mesothelioma Was Caused by Exposure to Asbestos, and that Mesothelioma Caused Michael Dandry, Jr.'s Death."[1] In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Plaintiffs move the Court to find that Michael Dandry, Jr. had mesothelioma, that Michael Dandry, Jr.'s mesothelioma was caused by exposure to asbestos, and that

---

[1] Rec. Doc. 190.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

1

mesothelioma caused Michael Dandry, Jr.'s death.⁵ Defendants Avondale and Paramount Global (collectively, "Defendants") oppose the motion.⁶ Having considered the motion, the memoranda in support and opposition, the record, and the appliable law, the Court grants the motion. While the Court finds that Michael Dandry, Jr. was diagnosed with mesothelioma due to exposure to asbestos and which resulted in his death, there remain issues of material fact as to the specific causation of Mr. Dandry's mesothelioma, and the Court's ruling does not prevent any Defendant from presenting evidence or arguments to the jury regarding specific causation.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.⁷ During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.⁸ Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.⁹ Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.¹⁰ Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."¹¹ Plaintiffs

---

⁵ Rec. Doc. 190.

⁶ Rec. Docs. 218, 240.

⁷ Rec. Doc. 1-3 at 2.

⁸ *Id.*

⁹ *Id.*

¹⁰ *Id.* at 4.

¹¹ *Id.* at 5.

2

claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

On September 15, 2025, Plaintiffs filed the instant Motion for Summary Judgment.[16] On September 19, 2025, Avondale filed an Opposition to the Motion.[17] On September 23, 2025, Paramount Global filed an Opposition to the Motion.[18] On September 26, 2025, Plaintiffs filed a Reply in further support of the Motion.[19]

---

[12] *Id.*

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 190.

[17] Rec. Doc. 218.

[18] Rec. Doc. 240.

[19] Rec. Doc. 275.

## II. Parties' Arguments

### A.   *Plaintiffs' Arguments in Support of their Motion*

Plaintiffs assert it is undisputed that Decedent had mesothelioma, his mesothelioma was caused by his asbestos exposure, and his death was caused by mesothelioma.[20] In support of their claim, Plaintiffs cite medical records confirming Decedent's diagnosis of mesothelioma and reports and depositions from both Plaintiffs' and Defendants' experts confirming Decedent's diagnosis.[21] Similarly, Plaintiffs cite medical reports and depositions from the parties' experts showing that there is no dispute that Decedent's mesothelioma was caused by exposure to asbestos.[22] Lastly, Plaintiffs cite the same evidence along with Decedent's death certificate to establish that there is no dispute that Decedent's death was caused by his mesothelioma.[23]

### B.   *Defendants' Responses*

Avondale responds to Plaintiffs' motion by first stating that it "takes no position on Plaintiffs' assertion that Michael Dandry, Jr. was diagnosed with mesothelioma and that this illness resulted in his death."[24] Further, Avondale acknowledges that Plaintiffs do not appear to suggest that the specific causation of the asbestos exposure should be determined by the instant motion.[25] Nevertheless, Avondale contends that the "issue of whether Michael Dandry Jr.'s mesothelioma

---

[20] Rec. Doc. 190.

[21] Rec. Docs. 190-1, 190-3, 190-4, 190-5, 190-6, 190-7, 190-8, 190-9, 190-10, 190-11.

[22] Rec. Docs. 190-5, 190-6, 190-7, 190-8, 190-9, 190-10, 190-11.

[23] Rec. Docs. 190-5, 190-6, 190-7, 190-8, 190-10, 190-12.

[24] Rec. Doc. 218 at 1.

[25] *Id.* at 2.

was caused by exposure to asbestos . . . is a disputed question of fact."[26] Avondale asserts that the Court should not prevent any defendant from disputing the source of the asbestos that caused Decedent's mesothelioma.[27]

Similarly, Defendant Paramount Global responds to Plaintiffs' motion by stating it" does not oppose Plaintiffs' contention that Michael Dandry, Jr. had mesothelioma[,] nor that mesothelioma caused his death."[28] Further, it does not appear that Paramount Global opposes a finding that exposure to asbestos caused Decedent's mesothelioma, but rather it opposes any finding that attributes it as the source of the mesothelioma-causing asbestos.[29]

C.      *Plaintiffs' Arguments in Further Support of their Motion*

In their reply, Plaintiffs point out that the "oppositions filed by the Defendants reveal that they do not actually dispute" the claims in the instant motion.[30] Specifically, Plaintiffs allege that Defendants' briefs merely "offer arguments about an issue on which Plaintiffs did not seek summary judgment: specific causation."[31] Further, Plaintiffs assert that "Defendants have failed to come forward with any evidence disputing that Michael Dandry had mesothelioma, that Mr. Dandry's mesothelioma was caused by exposure to asbestos, or that mesothelioma caused Mr. Dandry's death."[32]

---

[26] *Id.* at 1–2.

[27] *Id.*

[28] Rec. Doc. 240 at 1.

[29] *Id.* at 1–2.

[30] Rec. Doc. 275 at 1.

[31] *Id.* at 2.

[32] *Id.* at 3.

### III. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[33] The court must view the evidence in the light most favorable to the nonmovant.[34] Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts.[35] The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute.[36] "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[37]

### IV. Analysis

Plaintiffs assert that there is no genuine dispute of material facts that Decedent had mesothelioma, his mesothelioma was caused by his asbestos exposure, and his death was caused by mesothelioma. Plaintiffs cite multiple medical reports from both parties' experts in addition to other documents to support their assertion. Defendants by their own admission either "take[ ] no position" or "do[ ] not oppose" Plaintiffs' factual contentions regarding Decedent's diagnosis, the causation of said diagnosis, and the causation of Decedent's death.[38] However, the sources and locations of his asbestos exposure, the particular asbestos-containing products to which he was exposed, and the specific types of asbestos fibers to which he was exposed (*i.e.*, specific causation),

---

[33] Fed. R. Civ. P. 56(a).

[34] *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[35] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[36] *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

[37] *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (internal citation omitted).

[38] Rec. Docs. 218, 240.

as being the cause of Decedent's mesothelioma is in dispute. Accordingly, the Court agrees with Plaintiffs' submission that there is no genuine dispute of material facts that Decedent had mesothelioma, his mesothelioma was caused by his asbestos exposure, and his death was caused by mesothelioma. Therefore, the Court grants summary judgment on these issues.

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Summary Judgment that Michael Dandry, Jr. Had Mesothelioma, that Michael Dandry, Jr.'s Mesothelioma Was Caused by Exposure to Asbestos, and that Mesothelioma Caused Michael Dandry, Jr.'s Death"[39] is **GRANTED**. While the Court finds that Michael Dandry, Jr. was diagnosed with mesothelioma due to exposure to asbestos and which resulted in his death, there remain issues of material fact as to the specific causation of Mr. Dandry's mesothelioma, and the Court's ruling does not prevent any Defendant from presenting evidence or arguments to the jury regarding specific causation.

**NEW ORLEANS, LOUISIANA,** this  16th  day of October, 2025.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT JUDGE**

---

[39] Rec. Doc. 190.