UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls Incorporated's ("Avondale")[1] Motion for Partial Summary Judgment on Plaintiffs' Intentional Tort Claims.[2] In this litigation, Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner (collectively, "Plaintiffs") allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Avondale, was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4]

Avondale moves for summary judgment on whether it can be held liable for an intentional tort, including fraud and concealment.[5] Plaintiffs oppose the motion.[6] Having considered the

---

[1] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[2] Rec. Doc. 188.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 188.

[6] Rec. Doc. 252.

1

motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[7] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[8] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[9] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[10] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[11] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

---

[7] Rec. Doc. 1-3 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 5.

[12] *Id.*

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

On September 15, 2025, Avondale filed the instant Motion for Partial Summary Judgment.[16] On September 23, 2025, Plaintiffs opposed the motion.[17] On September 26, 2025, Avondale filed a reply brief in further support of the motion.[18]

## II. Parties' Arguments

### A.  *Avondale's Arguments in Support of the Motion*

Avondale argues that summary judgment is appropriate on the issue of intent because it did not: (1) consciously desire for Decedent to contract mesothelioma; or (2) know with substantial certainty that Decedent would contract mesothelioma because of Avondale's conduct.[19] Avondale contends that knowledge of the danger of asbestos is not sufficient to prove an intentional tort.[20] Avondale asserts that numerous judges in the Eastern District of Louisiana and in Louisiana state

---

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 188.

[17] Rec. Doc. 252.

[18] Rec. Doc. 279.

[19] Rec. Doc. 188-1 at 3.

[20] *Id.*

court have granted summary judgment on this issue.[21] Avondale submits that this Court's prior Order denying relief on the issue is distinguishable because that case involved a motion for reconsideration of a state court ruling denying summary judgment on intentional torts.[22] Avondale asserts Plaintiffs lack evidence to prove that Avondale consciously desired the result or knew with substantial certainty that the result would occur.[23] Similarly, Avondale argues there is no evidence of fraudulent intent to sustain a fraud claim.[24] Therefore, Avondale moves for summary judgment on Plaintiffs' intentional tort, fraud, and concealment claims.[25]

B.     *Plaintiffs' Arguments in Opposition of the Motion*

Plaintiffs argue that a motion for summary judgment is inappropriate where the case turns on intent or knowledge, because those determinations are inherently a question of fact which turns on credibility.[26] Plaintiffs contend that Avondale and its executive officers knew of the hazards of asbestos and were substantially certain that disease would occur.[27] Plaintiffs argue that Danny Joyce, Avondale's corporate representative and industrial hygiene expert, confirmed that Avondale had knowledge of government regulations as early as the 1940s of the dangers associated with asbestos.[28] Specifically, Plaintiffs contend that Minimum Standards requirements show that the Avondale executive officers knew of the dangers of asbestos, as well as the safety controls

---

[21] *Id.* at 5.

[22] *Id.* at 6.

[23] *Id.* at 13–14.

[24] *Id.* at 13–14.

[25] *Id.* at 17.

[26] Rec. Doc. 252 at 2 (citing *Pacific Ins. Co., Ltd. v. Louisiana Auto Dealers Ass'n*, 273 F.3d 392 (5th Cir. 2001); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 n. 3 (5th Cir. 1993)).

[27] *Id*. at 11–12.

[28] *Id*. at 12.

necessary to protect workers, as early as the 1940s.[29] Plaintiffs argue that Ollie Gatlin, a former Avondale executive, stated that he knew that asbestos was a health hazard in 1960.[30]

Plaintiffs contend that Avondale executive officers were substantially certain that disease would occur.[31] Plaintiffs argue that Burnette Bordelon, the superintendent for insulation at Avondale, disregarded the health hazards of asbestos and therefore, failed to take the precautions necessary to protect workers from exposure to asbestos.[32] Lastly, Plaintiffs contend that they can establish a fraud claim under Louisiana law.[33] Plaintiffs argue that Louisiana law recognizes a cause of action for fraud resulting from silence.[34] Here, Plaintiffs contend that Avondale and its executive officers were aware of the hazards of asbestos and nevertheless, remained silent.[35]

C.  *Avondale's Arguments in Further Support of the Motions*

In further support of the instant motion, Avondale argues that knowledge of the dangers of asbestos does not establish an intent for Decedent to contract mesothelioma.[36] Avondale contends that while Plaintiffs have presented evidence of knowledge of hazards, that evidence does not constitute intent to harm.[37] Furthermore, Avondale argues that Plaintiffs' remaining evidence does

---

[29] *Id*.

[30] *Id*.

[31] *Id*. at 13.

[32] *Id*.

[33] *Id*. at 5.

[34] *Id*.

[35] *Id*. at 6.

[36] Rec. Doc. 279 at 6.

[37] *Id*.

not show that Avondale was substantially certain that Decedent would contract mesothelioma.[38] Lastly, Avondale argues that Plaintiffs cannot meet the intent requirement for the fraud/concealment claims.[39]

### III. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[40] The court must view the evidence in the light most favorable to the nonmovant.[41] Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts.[42] The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute.[43] "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[44]

### IV. Analysis

Avondale moves for summary judgment on Plaintiffs' intentional tort, fraud, and concealment claims. As an initial matter, the Court notes that generally, summary judgment is disfavored when issues of intent or state of mind are involved because those determinations are

---

[38] *Id*. at 8.

[39] *Id*.

[40] Fed. R. Civ. P. 56(a).

[41] *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[42] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[43] *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

[44] *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (internal citation omitted).

6

inherently a question of fact which turns on credibility.[45] However, a court is not precluded from granting summary judgment where elusive concepts such as motive or intent are at issue.[46] But the Fifth Circuit has cautioned that "the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party."[47] For example, summary judgment may still be appropriate when intent or state of mind is at issue if the non-moving party merely rests on conclusory allegations or unsupported speculation.[48]

To prove that a defendant committed an intentional tort under Louisiana law, a plaintiff must show that a defendant either "'(1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.'"[49] "Thus, intent has reference to the consequences of an act rather than to the act itself."[50] Therefore, Plaintiffs must prove that Avondale either consciously desired that Decedent would contract mesothelioma, or knew that result was "substantially certain to follow from [Avondale's] conduct."[51] Plaintiffs do not address the first prong, but instead argue that Avondale knew of the hazards of asbestos and

---

[45] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265–66 (5th Cir. 1991) ("When state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility.").

[46] *Id*. at 1266 ("This is not to say that the court can never enter summary judgment when intent or state of mind is at issue, only that the court must recognize that undermining the moving party's professed state of mind is not a simple task. Therefore, the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party.").

[47] *Id*.

[48] *Id*.

[49] *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99), 731 So. 2d 208, 211 (quoting *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981)).

[50] *Bazley*, 397 So. 2d at 481.

[51] *Zimko v. Am. Cyanamid*, 2003-0658 (La. App. 4 Cir. 6/8/05); 905 So. 2d 465, 475, *cert. denied*, 2005-2102 (La. 3/17/06), 925 So. 2d 538 (internal citations omitted).

were substantially certain that disease would occur.[52]

Substantial certainty "requires more than a reasonable probability that an injury will occur."[53] To satisfy the criterion of "substantial certainty," Plaintiffs must prove that Decedent's contracting mesothelioma was "inevitable or incapable of failing."[54] "[M]ere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct."[55] The "belie[f] that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts . . . ."[56] To prove a claim for intentional tort, Plaintiffs would have to show that Avondale's "conduct [went] beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work. . . ."[57]

Several judges in this District have considered intentional tort claims against Avondale arising out of asbestos exposure.[58] In *Vedros v. Northop Grumman Shipbuilding, Inc.*, plaintiffs argued that Avondale had awareness of the risks associated with asbestos as well as unsafe working

---

[52] Rec. Doc. 252.

[53] *Reeves*, 731 So. 2d at 213 (internal citations omitted).

[54] *Id.* (internal citations omitted).

[55] *Id.* (internal citations omitted).

[56] *Id.* at 212.

[57] *Zimko*, 905 So. 2d at 477 (internal citations omitted).

[58] *Legendre v. Louisiana Ins. Guar. Ass'n*, No. 22-1767, 2024 WL 1556842 (E.D. La. Apr. 10, 2024); *Becnel v. Lamorak Ins. Co.*, No. CV 19-14536, 2022 WL 3665085 (E.D. La. Aug. 25, 2022); *Cortez v. Lamorak Ins. Co.*, 597 F.Supp.3d 959 (E.D. La. Apr. 4, 2022); *Vedros v. Northop Grumman Shipbuilding, Inc.*, No. 11-1198, 2014 WL 906164 (E.D. La. Mar. 7, 2014).

conditions, and despite this knowledge, Avondale did not remedy those conditions.[59] The district judge granted summary judgment and found that "[e]ven considering the facts in the light most favorable to Plaintiffs and assuming that Defendants were aware there was a major risk, or even a probability, that [the decedent] would contract mesothelioma," the plaintiffs did not provide evidence that would allow a reasonable jury to determine "that [the decedent's] contracting mesothelioma was 'inevitable or incapable of failing' and was thus substantially certain to result from" Avondale's conduct.[60] Similarly in *Cortez*, the district judge found that the plaintiff's general assertions that Avondale "knew that asbestos was a health hazard," that asbestos "caused fatal lung disease," and that Avondale "had problems with it . . . falls short of what is necessary to raise a material issue for an intentional-tort claim.[61] Likewise in *Becnel*, the district court held that "even assuming the defendants were aware that the alleged asbestos from their respective products was dangerous, and they should have used precautionary measures," plaintiffs failed to meet their evidentiary burden "whereby a reasonable juror could conclude that [the plaintiff's] primary lung cancer was 'inevitable or incapable of failing.'"[62]

In *Dempster v. Lamorak Insurance Co.*, this Court denied Avondale's motion for reconsideration of a prior state court order denying summary judgment on this issue.[63] The Court noted that Avondale had not presented any newly discovered or previously unavailable evidence,

---

[59] *Vedros*, 2014 WL 906164 at *3.

[60] *Id.*

[61] 597 F.Supp.3d at 959.

[62] *Becnel*, 2022 WL 3665085 at *4.

[63] *Dempster v. Lamorak Ins. Co.*, No. 20-95, 2020 WL 3892810 (E.D. La. July 10, 2020).

9

nor did Avondale identify a change of law that would warrant granting the motion.[64] The Court finds its prior decision in *Dempster* distinguishable from the instant case, because the Court is considering this motion for partial summary judgment for the first time, not on a motion for reconsideration of any earlier decision made in state court.

The Court finds that the evidence Plaintiffs present in this case falls below the bar of what is needed to raise a material issue for an intentional tort claim. Plaintiffs cite the deposition testimony of Decedent's co-workers, showing that Decedent was exposed to various asbestos-containing products while working at Avondale.[65] Plaintiffs also cite to their experts' reports concluding that Decedent was often exposed to significant concentrations of asbestos while working at Avondale and his exposure to such products significantly increased his risk for developing mesothelioma.[66] Plaintiffs cite to the Louisiana Workers' Compensation Act, the Walsh Healey Act, and the 1943 Louisiana Sanitary Code for support that Avondale had notice of the hazards of asbestos.[67] Plaintiffs also cite testimony from former Avondale executives establishing that Avondale had knowledge of the dangers of asbestos as early as the 1940s.[68]

Viewing this evidence in the light most favorable to Plaintiffs, the evidence only suggests that Avondale knew of the hazards of asbestos at the time of Decedent's exposure in 1971. However, Plaintiffs do not submit any evidence suggesting that Avondale consciously intended to

---

[64] *Id.* at 7.

[65] Rec. Doc. 252 at 15–21.

[66] *Id.* at 21.

[67] *Id.* at 11–12.

[68] *Id.* at 12.

harm Decedent or that his mesothelioma was "inevitable or incapable of failing."[69] Even assuming that Avondale had awareness that workplace exposure to asbestos was dangerous and that they should have utilized precautionary measures, Plaintiffs fail to bring forward sufficient evidence "whereby a reasonable juror could conclude that [Decedent's mesothelioma] was inevitable" such that it was substantially certain to result from Avondale's conduct.[70] Accordingly, the Court finds Plaintiffs' claim against Avondale "lies in the realm of negligence, not in the realm of intentional tort."[71] Thus, Avondale is entitled to summary judgment dismissing Plaintiffs' intentional tort claim against it.

For this same reason, Avondale is entitled to summary judgment on Plaintiffs' fraud and concealment claims. In Louisiana, the elements of a claim for fraud are: (1) a misrepresentation of a material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resultant injury.[72] Therefore, in order to succeed on a tort claim for fraud, Plaintiffs must prove that (1) Avondale misrepresented a material fact, (2) with the intent to deceive, and (3) caused justifiable reliance and resultant injury.[73] Under Louisiana law, fraud may result from silence or inaction.[74] However, "[i]n order to find fraud from silence or suppression of the truth, there must exist a duty to speak or disclose information . . . And while fraud may indeed result from a party's silence or inaction, mere silence or inaction without fraudulent intent does not constitute fraud.

---

[69] *Reeves*, 731 So. 2d at 213.

[70] *Becnel*, 2022 WL 3665085 at *4.

[71] *Cortez*, 597 F. Supp. 3d at 977.

[72] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999).

[73] *Id.*

[74] La. Civ. Code art. 1953 ("Fraud is a misrepresentation or a suppression of the trust made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.").

Fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud."[75]

The evidence presented by Plaintiffs does not support the assertion that Avondale acted with fraudulent intent. Even if the evidence suggests that Avondale was aware of the risks associated with exposure to asbestos products and did not warn Plaintiffs of the hazards, these assertions alone "without fraudulent intent do[ ] not constitute fraud."[76] Because Plaintiffs have not produced any evidence to raise a genuine issue of material fact with respect to Avondale's fraudulent intent, Avondale is entitled to summary judgment on Plaintiffs' fraud and concealment claims.

**IT IS HEREBY ORDERED** that Avondale's Motion for Partial Summary Judgment on Plaintiffs' Intentional Tort Claims[77] is **GRANTED**. The intentional tort, fraud, and concealment claims Plaintiffs raise against Avondale are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this  10th  day of November, 2025.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[75] *Terrebonne Concrete, LLC v. CEC Enters., LLC*, 2011-0072 (La. App. 1 Cir. 8/17/11), 76 So. 3d 502, 509, writ denied, 2011-2021 (La. 11/18/11), 75 So. 3d 464 (internal citations omitted).

[76] *Becnel*, 2022 WL 3665085 at *4.

[77] Rec. Doc. 188.