UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls Incorporated's ("Avondale")[1] Motion in Limine to Require Plaintiff to Disclose All Settlements.[2] In this litigation, Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner (collectively, "Plaintiffs") allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Avondale, was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Avondale moves the Court to issue an Order compelling Plaintiffs to disclose all settlements with all parties to this case since the inception of this case, including any settlements that occur prior to or during trial.[5] Defendant Liberty Mutual Insurance

---

[1] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[2] Rec. Doc. 323.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 323.

1

Company joins this motion.[6] Plaintiffs oppose the motion.[7] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion. Plaintiffs shall disclose to Defendants the identities of all parties with whom Plaintiffs have entered into settlement at any time from the inception of the instant action through the conclusion of trial.

### I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[8] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[9] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[10] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[11] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[12] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the

---

[6] Rec. Doc. 400.

[7] Rec. Doc. 335.

[8] Rec. Doc. 1-3 at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 4.

[12] *Id.* at 5.

safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[13]

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[14] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[15] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[16]

Trial in this matter is set to begin on March 9, 2026. On November 11, 2025, Avondale filed the instant Motion in Limine to Require Plaintiff to Disclose All Settlements.[17] On November 18, 2025, Plaintiffs opposed the motion.[18] Thereafter, Defendant Liberty Mutual Insurance Company joined the motion.[19]

## II. Parties' Arguments

### A.    *Avondale's Arguments in Support of the Motion*

In the motion, Avondale request that the Court issue an Order compelling Plaintiffs to disclose settlements with all parties to this case.[20] Avondale asserts that if a party settles prior to

---

[13] *Id.*

[14] *Id.* at 18.

[15] *Id.* at 19.

[16] *Id.*

[17] Rec. Doc. 323.

[18] Rec. Doc. 335.

[19] Rec. Docs. 371, 400.

[20] Rec. Doc. 323-1 at 1.

trial, the other defendants will receive a virile share credit for proving that party's liability at trial.[21] Therefore, Avondale argues it is critical to know the status of settlements prior to and during trial, and to know the specific identity of all released entities.[22] Avondale states that it is not seeking information regarding the amounts of those settlements.[23] Moreover, Avondale states it will not offer the settlements to prove or disprove the validity or amount of the disputed claim, nor will the settlement documents be published to the jury.[24]

### B.    *Plaintiffs' Arguments in Opposition to the Motion*

As an initial matter, Plaintiffs note that Avondale's motion is not evidentiary, but it is more akin to a discovery motion.[25] To the extent that this motion is seeking only the identities of those parties with whom Plaintiffs have settled since the inception of the instant action, Plaintiffs state that they have no objection to identifying those parties with whom they have settled.[26] However, Plaintiffs argue that evidence regarding the settlements is inadmissible under Federal Rule of Evidence 408.[27]

### III. Legal Standard

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[28] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during

---

[21] *Id.* (citing *Romano v. Metro. Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So. 3d 176, 181).

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.* at 2–3.

[25] Rec. Doc. 335 at 1.

[26] *Id.* at 2.

[27] *Id.* at 2–5.

[28] Fed. R. Evid. 408.

compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[29] However, such evidence is admissible to show the bias or prejudice of a witness.[30] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[31] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[32]

### IV. Analysis

In the motion, Avondale request an order compelling Plaintiffs to disclose settlements with all parties to this case. The instant motion is not evidentiary in nature. Instead, the motion seeks an order compelling production of certain information and documents. Nevertheless, to the extent that this motion is seeking the identities of those parties with whom Plaintiffs have settled since the inception of the instant action, Plaintiffs state that they have no objection to identifying those parties with whom they have settled.

Accordingly,

---

[29] Fed. R. Evid. 408(a)(1).

[30] Fed. R. Evid. 408(b).

[31] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[32] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

**IT IS HEREBY ORDERED** that Avondale's Motion in Limine to Require Plaintiff to Disclose All Settlements[33] is **GRANTED**. Plaintiffs shall immediately disclose to Defendants the identities of all parties with whom Plaintiffs have entered into settlement at any time from the inception of the instant action through the conclusion of trial.

**NEW ORLEANS, LOUISIANA,** this 11th day of February, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[33] Rec. Doc. 323.