`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls Incorporated's ("Avondale")[1] Motion in Limine to Exclude Testimony from Plaintiffs' Witnesses not Offered for Deposition Within the Discovery Deadline.[2] In this litigation, Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner (collectively, "Plaintiffs") allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Avondale, was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Avondale moves the Court to issue an Order excluding testimony from Plaintiffs' witnesses who were not offered for deposition prior to the close of discovery.[5] Plaintiffs oppose the motion.[6]

---

[1] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[2] Rec. Doc. 351.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 351.

[6] Rec. Doc. 421.

Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[7] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[8] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[9] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[10] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[11] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

---

[7] Rec. Doc. 1-3 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 5.

[12] *Id.*

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

Trial in this matter is set to begin on March 9, 2026. On November 19, 2025, Avondale filed the instant Motion in Limine to Exclude Testimony from Plaintiffs' Witnesses not Offered for Deposition Within the Discovery Deadline.[16] On November 24, 2025, Plaintiffs opposed the motion.[17] On December 1, 2025, Avondale filed a reply brief in further support of the motion.[18]

## II. Parties' Arguments

### A.    *Avondale's Arguments in Support of the Motion*

Avondale moves the Court to issue an Order excluding testimony from Plaintiffs' witnesses who were not offered for deposition prior to the close of discovery.[19] Avondale contends that Plaintiffs have failed to comply with Avondale's repeated requests for deposition dates.[20] Avondale asserts it has been unable to depose some of Decedent's treating physicians, Dr. Charles

---

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 351.

[17] Rec. Doc. 421.

[18] Rec. Doc. 446.

[19] Rec. Doc. 351-1 at 1.

[20] *Id.*

3

Thomas, Dr. Terence Casey, and Dr. Ashley Brown.[21] According to Avondale, Plaintiffs' failure to produce such witnesses during discovery prevented Avondale from effectively preparing its defense and cross-examination of those witnesses, thereby undermining the fairness of the proceedings.[22]

### B.   *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs contend they provided deposition dates for all witnesses over whom they had control, and advised Avondale regarding those witnesses over whom Plaintiffs had no control.[23] Plaintiffs suggest that it was Avondale's duty to schedule the depositions of the witnesses it wanted to depose.[24]

### C.   *Avondale's Arguments in Further Support of the Motion*

In the reply brief, Avondale argues that Plaintiffs did not produce their treating physicians or numerous fact witnesses for depositions.[25]

## III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[26] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence

---

[21] *Id.* at 3.

[22] *Id.* at 4.

[23] Rec. Doc. 421 at 1.

[24] *Id.* at 2.

[25] Rec. Doc. 446.

[26] Fed. R. Evid. 401.

or other rules prescribed by the Supreme Court provide otherwise.[27] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[28] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[29] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[30]

## IV. Analysis

Avondale moves the Court to issue an Order excluding testimony from Plaintiffs' witnesses who were not offered for deposition prior to the close of discovery. Avondale has not demonstrated that exclusion of these witnesses is warranted. The Court continued the trial date in this matter from December 1, 2025 to March 9, 2026 to allow additional time for the parties and the Court to prepare for trial. The Court did not reset any other deadlines. Nevertheless, Avondale did not raise the need to reopen discovery to conduct additional depositions. There would have been sufficient time to conduct additional depositions, if needed, before the trial date. There is no requirement that a witness must be deposed before being called to testify at trial. Avondale has not demonstrated that outright exclusion of any witnesses is warranted.

Accordingly,

---

[27] Fed. R. Evid. 402.

[28] Fed. R. Evid. 403.

[29] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[30] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

**IT IS HEREBY ORDERED** that Avondale's Motion in Limine to Exclude Testimony from Plaintiffs' Witnesses not Offered for Deposition Within the Discovery Deadline[31] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  11th  day of February, 2026.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[31] Rec. Doc. 351.