UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Paramount Global's ("Westinghouse")[1] Motion in Limine to Exclude Duplicative, Cumulative, and Irrelevant Designated Deposition Testimony.[2] In this litigation, Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated's ("Avondale"),[3] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[4] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[5] Westinghouse moves the Court to issue an Order excluding deposition

---

[1] Paramount Global was formerly known as: ViacomCBS Inc., CBS Corporation, a Delaware corporation, Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, and Westinghouse Electric Corporation.

[2] Rec. Doc. 352.

[3] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[4] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[5] *Id.*

1

designations made by Plaintiffs and Avondale.[6] Defendant Liberty Mutual Insurance Company joins the motion.[7] Plaintiffs and Avondale oppose motion.[8] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[9] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[10] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[11] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[12] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[13] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the

---

[6] Rec. Doc. 352.

[7] Rec. Docs. 381, 408.

[8] Rec. Docs. 429, 437.

[9] Rec. Doc. 1-3 at 2.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 4.

[13] *Id.* at 5.

safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[14]

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[15] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[16] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[17]

Trial in this matter is set to begin on March 9, 2026. On November 19, 2025, Westinghouse filed the instant motion.[18] Defendant Liberty Mutual Insurance Company joined the motion.[19] On November 24, 2025, Plaintiffs and Avondale both opposed the motion.[20]

## II. Parties' Arguments

### A. *Westinghouse's Arguments in Support of the Motion*

According to Westinghouse, Plaintiffs and Avondale designated numerous depositions of former Avondale employees who have no personal knowledge of Decedent's work at Avondale or his alleged sources of exposure to asbestos.[21] Westinghouse contends that 15 of the individuals

---

[14] *Id.*

[15] *Id.* at 18.

[16] *Id.* at 19.

[17] *Id.*

[18] Rec. Doc. 352.

[19] Rec. Docs. 381, 408.

[20] Rec. Docs. 429, 437.

[21] Rec. Doc. 352-1 at 1.

identified worked in different crafts and cannot testify to Decedent's job duties.[22] Additionally, Westinghouse points out that none of the witnesses worked contemporaneously with Decedent.[23] Finally, Westinghouse contends that the testimony is cumulative, prejudicial and would be confusing for the jury.[24]

### B.  *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs represent that the witnesses offered by deposition have personal knowledge of the matters to which they are testifying.[25] Even if the co-workers did not identify Decedent in their depositions, Plaintiffs submit that their testimony may nevertheless be used as evidence of what asbestos-containing materials were being used at Avondale, and how those asbestos-containing materials were being handled.[26] Moreover, Plaintiffs argue that the deposition testimony is not cumulative or duplicative.[27] Finally, Plaintiffs assert that Westinghouse has not shown that admitting the testimony would be unfairly prejudicial.[28]

### C.  *Avondale's Arguments in Opposition to the Motion*

In opposition, Avondale contends that other witnesses are needed to explain and identify possible asbestos exposure sources in this case because Decedent was not deposed before he passed away.[29] Avondale submits there is no question that the testimony is relevant, even if

---

[22] *Id.* at 4.

[23] *Id.* at 5.

[24] *Id.* at 5–6.

[25] Rec. Doc. 429 at 2.

[26] *Id.* at 7.

[27] *Id.* at 10.

[28] *Id.* at 14.

[29] Rec. Doc. 437 at 2.

4

circumstantial, as it pertains to equipment and asbestos-containing products used at Avondale during the same time period and in connection with the construction of the same vessels at issue in this case.[30]

### III. Legal Standard

Rule 602 of the Federal Rules of Evidence provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[31] "Evidence to prove personal knowledge may consist of the witness's own testimony."[32]

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[33] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise.[34] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[35] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only

---

[30] *Id.* at 3.

[31] Fed. R. Evid. 602.

[32] *Id.*

[33] Fed. R. Evid. 401.

[34] Fed. R. Evid. 402.

[35] Fed. R. Evid. 403.

sparingly[.]"[36] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[37]

### IV. Analysis

Westinghouse moves the Court to exclude deposition testimony designated by Plaintiffs and Avondale. Westinghouse argues that these individuals do not have personal knowledge of any asbestos exposure experienced by Decedent. Westinghouse has not shown that the testimony should be excluded on this basis. The deposition testimony is being offered to show the types of asbestos-containing materials that were used at Avondale and how those asbestos-containing materials were being handle during the time frame when Decedent was allegedly exposed to asbestos at Avondale. This evidence constitutes permissible circumstantial evidence that Decedent was exposed to asbestos during his employment at Avondale. Westinghouse can argue that the testimony is not persuasive because these individuals did not work with Decedent directly, but this argument does not render the testimony inadmissible.

Westinghouse also has not shown that the testimony is duplicative or cumulative. The Court will assign a set number of minutes for each side to present their cases. Counsel will be responsible for presenting their case within the time allotted, and counsel will be responsible for presenting their case in the most efficient manner. Therefore, the Court will not exclude the proposed deposition testimony as duplicative. Finally, Westinghouse has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. Accordingly,

---

[36] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[37] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

**IT IS HEREBY ORDERED** that Westinghouse's Motion in Limine to Exclude Duplicative, Cumulative, and Irrelevant Designated Deposition Testimony[38] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this  11th  day of February, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 352.