## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERICA DANDRY CONSTANZA, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                            **CASE NO. 24-871**

**SPARTA INSURANCE COMPANY, ET AL.**                  **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") Motion in Limine to Exclude Evidence Before the Jury Regarding Settlements.[1] In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated's ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Plaintiffs move the Court to issue an Order precluding any questions or comments before the jury regarding settlements.[5] Defendants Paramount Global

---

[1] Rec. Doc. 356.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 356.

("Westinghouse")[6] and Avondale oppose the motion.[7] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and defers it until trial in part. Evidence regarding any settlement may not be admitted either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Evidence regarding the amount of any settlement agreement is also excluded. If any party seeks to introduce evidence of a settlement under an exception to Rule 408, the party should advise the Court in advance outside of the presence of the jury so that the Court can rule on the issue in the context of trial.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[8] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[9] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[10] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[11] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of

---

[6] Paramount Global was formerly known as: ViacomCBS Inc., CBS Corporation, a Delaware corporation, Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, and Westinghouse Electric Corporation.

[7] Rec. Docs. 409, 438.

[8] Rec. Doc. 1-3 at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 4.

[Decedent] and for which these defendants are strictly liable under Louisiana law."[12] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[13]

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[14] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[15] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[16]

Trial in this matter is set to begin on March 9, 2026. On November 19, 2025, Plaintiffs filed the instant motion.[17] On November 24, 2025, Avondale and Westinghouse both opposed the motion.[18] On December 3, 2025, Plaintiffs filed a reply brief in further support of the motion.[19]

---

[12] *Id.* at 5.

[13] *Id.*

[14] *Id.* at 18.

[15] *Id.* at 19.

[16] *Id.*

[17] Rec. Doc. 356.

[18] Rec. Docs. 409, 438.

[19] Rec. Doc. 455.

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs move the Court to issue an Order precluding any questions or comments before the jury regarding settlements.[20] Plaintiffs assert that such evidence is clearly inadmissible under Federal Rule of Evidence 408.[21] Plaintiffs contend that evidence of a compromise of a claim is not admissible to prove liability or to show the invalidity of a claim.[22] Plaintiffs contend that allowing evidence regarding settlements to go before the jury would deter settlements, which is directly contrary to Louisiana law.[23] Accordingly, Plaintiffs assert that any evidence regarding settlements should not be presented to the jury.[24]

### B.    *Avondale and Westinghouse's Arguments in Opposition of the Motion*

In opposition, Avondale and Westinghouse both represent that they do not intend to present evidence that would violate Rule 408.[25] However, they assert that Plaintiffs' motion is overly broad.[26] Avondale and Westinghouse contend that evidence of a settlement may be admissible to show bias or prejudice or for the purpose of establishing virile share credits to any settled entity.[27]

### C.    *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs concede that Rule 408 does allow the admission of evidence regarding

---

[20] Rec. Doc. 356-1.

[21] *Id.* at 3.

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.* at 6.

[25] Rec. Doc. 409; Rec. Doc. 438.

[26] *Id.*

[27] *Id.*

settlements in order to prove bias or prejudice of a witness.[28] Nevertheless, Plaintiffs assert that this evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[29] While the defendants argue that they could potentially offer such evidence to prove bias or prejudice, Plaintiffs assert that the defendants have failed to show that evidence regarding the settlements in this case would in fact prove bias or prejudice.[30] Moreover, Plaintiffs contend the proper way to impeach a witness is with the use of his or her prior inconsistent statement, not a settlement document.[31] According to Plaintiffs, offering evidence of settlements would unfairly prejudice Plaintiffs' case, confuse the issues, and mislead the jury.[32]

### III. Legal Standard

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[33] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[34] However, such evidence is admissible to show the bias or prejudice of a witness.[35] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible

---

[28] Rec. Doc. 455 at 2.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] Fed. R. Evid. 408.

[34] Fed. R. Evid. 408(a)(1).

[35] Fed. R. Evid. 408(b).

to reduce a jury's confusion about absent defendants.[36] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[37]

## IV. Analysis

Plaintiffs seek an order precluding any questions or comments before the jury regarding settlements. Settlement information will not be admitted to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction. The Court also excludes any evidence regarding the amount of any settlement agreement. In limited instances, evidence of a settlement may be admissible for other purposes such as to show a witness's bias or prejudice. This issue must be decided in the context of trial, and it would be inappropriate to issue a blanket order excluding all evidence regarding settlements in advance of trial. If any party seeks to introduce evidence of a settlement under an exception to Rule 408, the party should advise the Court in advance outside of the presence of the jury.

All parties agree that the fact of settlement of a joint tortfeasor is admissible to show that the damages owed by the non-settling defendants should be reduced by the virile share of the settling joint tortfeasors. Additionally, all parties agree that this is an issue that will be decided by the Court, not the jury. Settlement documents will not be submitted to the jury for that purpose. The Court will review the settlement documents *in camera* to determine whether any entities with whom Plaintiffs settled should receive a virile share credit.

Accordingly,

---

[36] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[37] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence Before the Jury Regarding Settlements[38] is **GRANTED IN PART** and **DEFERRED IN PART.** The motion is **GRANTED** to the extent that evidence regarding any settlement may not be admitted either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Evidence regarding the amount of any settlement agreement is also excluded. The motion is **DEFERRED UNTIL TRIAL** to the extent that it requests exclusion of settlement agreements for another purpose as permitted by Rule 408. If any party seeks to introduce evidence of a settlement under an exception to Rule 408, the party should advise the Court in advance outside of the presence of the jury so that the Court can rule on the issue in the context of trial.

**NEW ORLEANS, LOUISIANA,** this ___13th___ day of February, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 356.