UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICA DANDRY CONSTANZA, ET AL. | CIVIL ACTION |
| VERSUS | CASE NO. 24-871 |
| SPARTA INSURANCE COMPANY, ET AL. | SECTION: "G"(5) |

### ORDER AND REASONS

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") Motion in Limine to Exclude Expert Opinion Testimony of Max Richard.[1] In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated's ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Plaintiffs move the Court to issue an Order excluding the expert opinion testimony of Max Richard designated by Liberty Mutual Insurance Company ("Liberty Mutual").[5] Liberty Mutual opposes the motion.[6] Considering the motion, the memoranda

---

[1] Rec. Doc. 359.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 359.

[6] Rec. Doc. 412.

1

in support and in opposition, the record, and the applicable law, the Court denies the motion in part and defers ruling until trial in part. The motion is denied to the extent it requests that the prior testimony be excluded in its entirety. Specific line objections to Richard's deposition testimony will be addressed at trial.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[7] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[8] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[9] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[10] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[11] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

---

[7] Rec. Doc. 1-3 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 5.

[12] *Id.*

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

Trial in this matter is set to begin on March 9, 2026. On November 19, 2025, Plaintiffs filed the instant motion.[16] On November 24, 2025, Liberty Mutual opposed the motion.[17] On December 3, 2025, Plaintiffs filed a reply brief in further support of the motion.[18]

## II. Parties' Arguments

### A. Plaintiffs' Arguments in Support of the Motion

Plaintiffs move the Court to issue an Order excluding the expert opinion testimony of Max Richard.[19] Plaintiffs argue that the testimony should be excluded because Richard is offering expert opinion testimony and Liberty Mutual did not provide an expert report.[20] Therefore, Plaintiffs assert the Court should exclude expert opinion testimony given by Richard in three transcripts from other cases: (1) Max Richard's trial testimony taken on July 11, 1994 in I*n Re:*

---

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 359.

[17] Rec. Doc. 412.

[18] Rec. Doc. 456.

[19] Rec. Doc. 359-1 at 1.

[20] *Id.*

*Asbestos Plaintiffs v. Borden, Incorporated*; (2) Max Richard's trial testimony taken on February 8, 1996 in *Abadie v. Metropolitan Life Insurance Co.*; and (3) Max Richard's trial testimony taken on February 9, 1996 in *Abadie v. Metropolitan Life Insurance Co.*[21] Plaintiffs also raise objections to individual lines of the proposed deposition testimony.[22]

B.     *Liberty Mutual's Arguments in Opposition to the Motion*

In response, Liberty Mutual asserts that Plaintiffs' motion is in effect an untimely *Daubert* motion.[23] Liberty Mutual contends that Richard is not an expert witness, and his involvement is confined to factual testimony based on his firsthand conduct of dust and air-monitoring studies performed by Hopeman in the early 1970s.[24] Liberty Mutual asserts those studies were commissioned contemporaneously for workplace health monitoring, not in anticipation of litigation.[25] Because Dr. Richard is not being offered as an expert and any testimony by him will be limited to factual matters within his personal knowledge, Liberty Mutual contends the appropriate method for resolving any remaining objections is to defer those objections to the page-and-line designation process.[26]

C.     *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs contend that Liberty Mutual ignored the requirements of Rule 26(a)(2)

---

[21] *Id.*

[22] *Id.* at 3–15.

[23] Rec. Doc. 412 at 1.

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.* at 5.

4

by failing to provide an expert report.[27] Therefore, Plaintiffs contend Richard's testimony should be excluded.[28]

### **III. Legal Standard**

Under Federal Rule of Evidence 701, if a witness is not testifying as an expert, he may offer opinion testimony only if it is

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[29]

"The distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'"[30] As the Fifth Circuit has made clear, "any part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701."[31]

---

[27] Rec. Doc. 456 at 3.

[28] *Id.* at 3–4.

[29] Fed. R. Evid. 701.

[30] *United States v. Ebron*, 683 F.3d 105, 136–37 (5th Cir. 2012); *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments (quoting *State v. Brown*, 836 S.W. 2d 530, 549 (Tenn. 1992)).

[31] *Yanez Sosa*, 513 F.3d at 200 (citing *United States v. Garcia,* 413 F.3d 201, 215 (2d Cir. 2005)) (emphasis in original).

## IV. Analysis

From 1970 to 1979, Richard was Director of the Occupational Health and Safety program at Tulane University.[32] While at Tulane, he also worked as a consultant for Hopeman Brothers, Inc., and in 1972 he conducted studies for Hopeman on asbestos fiber release at Avondale.[33]

Liberty Mutual contends that Richard's recorded testimony from prior cases is being offered solely as a fact witness to explain his role in conducting those studies, how he performed them, and his personal knowledge of the methods and field conditions observed during the sampling. Liberty Mutual has retained other individuals as experts who will testify to the interpretation of the studies, application of occupational exposure standards, and any assessment of their relevance.

Plaintiffs rely on a prior opinion by another judge in this district excluding Richard's testimony because Hopeman failed to produce an expert report.[34] In that case, Hopeman listed Richard as a witness who would testify at trial.[35] In this case, Richard will not be called as a witness at trial. Instead, Liberty Mutual has designated Richard's testimony from three prior cases to be offered at trial in this case.[36] Therefore, this case is distinguishable from the prior case. To the extent that testimony merely provides factual background for how the studies were performed, an expert report is not needed. If any specific lines of testimony cross into opinion testimony

---

[32] Rec. Doc. 359-5 at 3–4.

[33] *Id.* at 5.

[34] *Cortez v. Lamorak Ins. Co.*, 635 F. Supp. 3d 489, 491 (E.D. La. 2022).

[35] *Cortez v. Lamorak Ins. Co.*, Case No. 20-2389, Rec Doc. 468.

[36] Rec. Doc. 308 at 223.

6

interpreting the studies and applying them to occupational exposure standards, those issues can be addressed during trial.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine to Exclude Expert Opinion Testimony of Max Richard[37] is **DENIED IN PART** and **DEFERRED IN PART**. The motion is **DENIED** to the extent it requests that the prior testimony be excluded. The specific line objections are **DEFERRED** until trial.

**NEW ORLEANS, LOUISIANA,** this  13th   day of February, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[37] Rec. Doc. 359.