## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERICA DANDRY CONSTANZA, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                            **CASE NO. 24-871**

**SPARTA INSURANCE COMPANY, ET AL.**                  **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") Motion in Limine to Exclude the Deposition Testimony of Peter Territo Taken in the Case of *Breaux v. Avondale Industries, Inc*.[1] In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated's ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Plaintiffs move the Court to issue an Order excluding the deposition testimony of Peter Territo taken in the case of *Breaux v. Avondale Industries, Inc.*[5] Avondale

---

[1] Rec. Doc. 358.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 358.

1

opposes the motion.[6] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion in part and defers ruling until trial in part. The motion is denied to the extent it requests that the deposition be excluded in its entirety. Specific line objections to Territo's deposition testimony will be addressed at trial.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[7] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[8] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[9] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[10] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[11] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the

---

[6] Rec. Doc. 425.

[7] Rec. Doc. 1-3 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 5.

safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

Trial in this matter is set to begin on March 9, 2026. On November 19, 2025, Plaintiffs filed the instant motion.[16] On November 24, 2025, Avondale opposed the motion.[17] On December 3, 2025, Plaintiffs filed a reply brief in further support of the motion.[18]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs move the Court to issue an Order excluding the deposition testimony of Peter Territo taken in the case of *Breaux v. Avondale Industries, Inc.*[19] Although Plaintiffs' counsel deposed Territo in other cases, they were not counsel of record in the *Breaux* matter and did not

---

[12] *Id.*

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 358.

[17] Rec. Doc. 425.

[18] Rec. Doc. 457.

[19] Rec. Doc. 358-1 at 1.

3

have notice of the deposition.[20] Therefore, Plaintiffs contend that admitting the deposition in this matter would be a violation of Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence.[21] Plaintiffs also make specific objections to certain lines of the deposition testimony.[22]

### B.    *Avondale's Arguments in Opposition to the Motion*

Avondale argues that Plaintiffs' counsel had numerous opportunities to question Territo over the years, and Plaintiffs' counsel even cross-examined Territo concerning the *Breaux* deposition during at least one subsequent trial.[23] Avondale asserts that Rule 804 clearly contemplates the use of a deposition against a party not present at the deposition if a party with similar motive had an opportunity to develop the testimony.[24] Therefore, Avondale argues that Plaintiffs have failed to provide the Court with justification for excluding Territo's testimony.[25] Avondale also responds to the specific objections raised to certain lines of the testimony.[26]

### C.    *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs contend that the parties clearly did not have similar interests because during the *Breaux* deposition no objections were raised to clearly leading questions and an abundance of hearsay testimony was elicited.[27] Plaintiffs also reply to Avondale's arguments

---

[20] *Id.*

[21] *Id.* at 2.

[22] *Id.* at 2–3.

[23] Rec. Doc. 425 at 2.

[24] *Id.*

[25] *Id.* at 4.

[26] *Id.* at 4–5.

[27] Rec. Doc. 457 at 4.

regarding the specific objections raised.[28]

## III. Legal Standard

Rule 804(b)(1) of the Federal Rules of Evidence provides for the admissibility of former testimony when the declarant is unavailable as a witness. The testimony may be admitted if it:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.[29]

The Fifth Circuit has clarified that the "similar motive" requirement of Rule 804(b)(1) "does not mean identical motive."[30] Instead, in order for parties' motives to be considered "similar" as envisioned by Rule 804(b)(1), the parties must be "on the same side of the same issue at both proceedings" and must also have "a substantially similar interest in asserting and prevailing on the issue."[31]

## IV. Analysis

There is no dispute that Territo is not available to testify, as he is now deceased. Therefore, his deposition testimony may be admitted under Rule 804(b)(1) if the requirements of the Rule are met. While not identical, the Court finds the motives of both the *Breaux* plaintiffs and the plaintiffs herein to be sufficiently similar to warrant the application of Rule 804(b)(1). Both sets of Plaintiffs

---

[28] *Id.* at 5–6.

[29] Fed. R. Evid. 804(b)(1).

[30] *Battle ex rel. Battle v. Mem'l. Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000) (citing *United States v. Salerno*, 505 U.S. 317, 326 (1992)).

[31] *Id.* (citing *United States v. DiNapoli*, 8 F.3d 909, 912 (2nd Cir. 1993)).

clearly had a similar interest in prevailing on the issue of Avondale's liability.[32] Because both sets of plaintiffs had a primary motive to develop Territo's testimony to show that Avondale was liable for their asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Territo's deposition testimony is admissible at trial.

Plaintiffs also argue that use of Territo's deposition testimony at trial is prohibited by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 32(a) provides that "all or part of a deposition may be used against a party . . . [that] was present or represented at the taking of the deposition or had reasonable notice of it." However, in describing this Rule, Plaintiffs fail to acknowledge the full text of the provision allowing for the use of prior depositions. Rule 32(a)(8) states:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Accordingly, because the Court has determined that Territo's deposition is admissible pursuant to the Federal Rules of Evidence, it is not necessary that Plaintiffs were present at the deposition. Specific line objections to Territo's deposition testimony will be addressed at trial.

---

[32] *See id.*

6

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine to Exclude the Deposition Testimony of Peter Territo Taken in the Case of *Breaux v. Avondale Industries, Inc*[33] is **DENIED IN PART** and **DEFERRED IN PART**. The motion is **DENIED** to the extent it requests that the entire deposition be excluded. The specific line objections are **DEFERRED** until trial.

**NEW ORLEANS, LOUISIANA,** this  13th  day of February, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[33] Rec. Doc. 358.