**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(3)** |

# ORDER AND REASONS

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") Motion to Quash Trial Subpoenas.[1] On September 29, 2026, a copy of trial subpoenas, issued by Defendant Huntington Ingalls Incorporated ("Avondale") to Plaintiffs, was delivered to the office of Plaintiffs' counsel.[2] The subpoenas commanded Plaintiffs to appear at the November 2, 2026 trial scheduled for this case to provide testimony, and produce all settlement agreements and claim documents submitted to any settlement/bankruptcy trusts which were executed by Plaintiffs in relation to this matter.[3] Plaintiffs move the Court to quash the trial subpoenas.[4] Avondale opposes the motion.[5] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 655.

[2] Rec. Docs. 655-20, 655-21.

[3] *Id.*

[4] Rec. Doc. 655.

[5] Rec. Doc. 669.

## I. Parties' Arguments

### *A. Plaintiffs' Arguments in Support of the Motion to Quash*

First, Plaintiffs assert that Avondale has not perfected service of the subpoenas on them.[6] Plaintiffs point out that their counsel was served with a copy of the subpoenas, rather than service being perfected on either Plaintiff Erica Dandry Constanza or Monica Dandry Hallner.[7] Plaintiffs contend that Rule 45 does not allow their counsel to be served a subpoena in Plaintiffs' stead, and that the subpoenas should be quashed on this basis alone.[8]

Plaintiffs also aver that Avondale's request for the production of settlement documents through the trial subpoenas is actually an untimely discovery request.[9] Plaintiffs assert that documents requested through a Rule 45 trial subpoena *duces tecum* must be limited to documents previously disclosed during discovery.[10] Further, Plaintiffs contend that the settlement documents sought through the subpoenas are "confidential and protected from production."[11] Plaintiffs point to the Court's prior Order requiring Plaintiffs to "disclose to Defendants the identities of all parties with whom Plaintiffs have entered into settlement at any time from the inception of the instant action through the conclusion of trial."[12] Plaintiffs submit that they have already complied with

---

[6] Rec. Doc. 655-1 at 1.

[7] *Id.* at 2.

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.* (citing *Giarratano v. Huntington Ingalls Incorporated*, No. 22-88, 2023 WL 2898332, at *3 (E.D. La. Apr. 11,2023)).

[11] *Id.* at 4.

[12] Rec. Doc. 490 at 6.

that Order.[13] Moreover, Plaintiffs posit that if Defendants seek settlement documents for the purposes of determining virile share credits, "then such settlement documents should not go before the jury, but instead be reviewed by the Court in camera."[14]

### *B. Avondale's Arguments in Opposition to the Motion to Quash*

Avondale argues that "[a]s a defendant, Avondale is entitled to the requested settlement documents as this litigation is governed by the concept of virile share liability."[15] Avondale submits that Plaintiffs may have entered into additional settlement agreements since the Court's previous *in camera* review of Plaintiffs' settlement documents during the February 24, 2026 pre-trial conference, and Plaintiffs may continue to enter into settlement agreements in the days leading up to trial or even after trial begins.[16] Avondale thus asserts that the requested settlement documents must be turned over to the Court to allow the calculation of virile share liability in the event that Avondale is found liable at trial.[17]

Avondale argues that the trial subpoenas are not defective because they do not seek appearances or witness testimony at trial by Plaintiffs.[18] According to Avondale, "[t]he trial subpoenas are simply document requests calling for the production of 'full and complete copies of all Settlement Agreements' relating to claims arising out of Michael Dandry, Jr.'s alleged asbestos exposure."[19] Avondale clarifies that it does not seek to publish settlement documents to the jury,

---

[13] Rec. Doc. 655-1 at 4.

[14] *Id.* at 5.

[15] Rec. Doc. 669 at 5.

[16] *Id*. at 2

[17] *Id.* at 4–5.

[18] *Id.* at 1.

[19] *Id.* at 3 (quoting Rec. Docs. 655-20, 655-21).

to use settlement documents to prove liability, to question any witnesses about settlements, or to make comments about settlements in front of the jury.[20] Avondale recognizes that the use of settlement documents in such a manner violates Federal Rule of Evidence 408.[21] However, Avondale does seek to protect "its right to offer evidence of settlements under the circumstances permitted by Rule 408 and/or to establish the virile share liability of any settled entity as allowed under Louisiana law."[22] Avondale thus contends that the sole purpose of the trial subpoenas is "to ensure that the settlement documents will be produced and present at trial for the Court's review."[23]

## III. Law and Analysis

On February 11, 2026, the Court ordered that Plaintiffs must disclose to Defendants "the identities of all parties with whom Plaintiffs have entered into settlement at any time from the inception of the instant action through the conclusion of trial."[24] On February 13, 2026, the Court ordered that it "will review the settlement documents *in camera* to determine whether any entities with whom Plaintiffs settled should receive a virile share credit."[25] Avondale submits that the trial subpoenas at issue are intended solely to ensure that Plaintiffs turnover said settlement documents to the Court in accordance with the *in camera* virile share determination. Further, Plaintiffs turned over all settlement documents to the Court, during the February 24, 2026 pretrial conference for this matter.[26] Therefore, Plaintiffs have already satisfied the goal Avondale's subpoena was

---

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 3.

[24] Rec. Doc. 490 at 6.

[25] Rec. Doc. 500 at 6.

[26] The dollar amounts were redacted from the settlement documents.

intended to accomplish. The only issue remaining is ensuring that Plaintiffs continue to supplement their *in camera* disclosure of dollar-amount redacted settlement agreements, or claims submitted to settlement of bankruptcy trusts, to the Court. Hence, the Court orders Plaintiffs to continuously supplement these documents to the Court *in camera*.

Turning to the procedural deficiencies in the instant subpoena, Plaintiffs assert that their counsel was served with a copy of the subpoenas, rather than service being perfected on Plaintiffs.[27] Avondale does not attempt to rebut this claim in its response.[28] Rule 45(b)(1) lays out the requirements for serving a subpoena as follows:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy *to the named person* and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.[29]

The Fifth Circuit has held that a "plaintiff's position is well taken[,]" when that plaintiff asserts that service of a subpoena *duces tecum* served upon "plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity."[30] Therefore, the Court grants the motion, because Avondale does not offer any reason why service upon Plaintiffs' counsel should be effective here, and the intended purpose of Avondale's subpoena, compelling Plaintiffs to produce all settlement documents to the Court *in camera*, can be achieved without the subpoena.

Accordingly,

---

[27] Rec. Doc. 655-1 at 1.

[28] Rec. Doc. 669.

[29] Fed. R. Civ. P. 45(b)(1) (emphasis added).

[30] *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Quash Trial Subpoena[31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs must continuously supplement all executed settlement documents, and any claim documentation submitted to any settlement or bankruptcy trust to the Court *in camera*. These documents may have the dollar amount redacted and must be produced to the Court on an ongoing basis through the conclusion of trial on the same day that any such document is executed.

**NEW ORLEANS, LOUISIANA**, this 28th day of October, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[31] Rec. Doc. 655.