**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-871** |
| **SPARTA INSURANCE COMPANY, ET AL.** | **SECTION: "G"(5)** |

# ORDER AND REASONS

Before the Court is Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner's (collectively, "Plaintiffs") Motion in Limine to Exclude Certain Designated Testimony of Defendants Regarding Johns-Manville.[1] In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Huntington Ingalls Incorporated's ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] Plaintiffs move the Court to issue an Order excluding the deposition testimony of 17 witnesses.[5] Avondale and Bayer both opposed the motion.[6] However, following the filing of this motion, Plaintiffs settled all claims with

[1] Rec. Doc. 608.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-3 at 2. In addition to Avondale, Plaintiffs also named SPARTA Insurance Company, Bayer CropScience, Inc., Foster-Wheeler, LLC, General Electric Company, Hopeman Brothers, Inc., Taylor-Seidenbach, Inc., Paramount Global, Uniroyal, Inc., International Paper Company, Eagle, Inc., Uniroyal Holding, Inc., and Liberty Mutual Insurance Company as defendants.

[4] *Id.*

[5] Rec. Doc. 608.

[6] Rec. Docs. 621, 625, 638.

Bayer. Therefore, the Court only considers the opposition of Avondale. Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part. The motion is granted to the extent it seeks to exclude the prior testimony of Joseph Gistarve, Jr., Weldon Rodrigue, Luby Baio, Oled Klibert, Raymond Orgeron, Maurice Pitre, and Merlin Landry, and the deposition testimony of Robert Templet related to JM scrap. The motion is denied in all other respects.

## I. Background

Plaintiffs allege Decedent was employed in various positions by Avondale between June 1, 1971, and August 16, 1971.[7] During that time, Plaintiffs claim Decedent was exposed to asbestos and asbestos-containing products on Avondale's premises.[8] Plaintiffs further assert Decedent was exposed to asbestos carried home from his work at Avondale on his person, clothing, and other items.[9] Plaintiffs argue, as a result of breathing in these asbestos fibers, Decedent later developed mesothelioma and other ill health effects, ultimately resulting in Decedent's death.[10] Plaintiffs contend Defendants had "care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are strictly liable under Louisiana law."[11] Plaintiffs claim "Avondale and its executive officers [ ] are answerable for the conduct of those handling asbestos products on their premises" and that "Avondale failed to exercise reasonable care for the

[7] Rec. Doc. 1-3 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.* at 5.

safety of persons on or around their property" for which there were clear "standards" requiring protection for workers.[12]

Plaintiffs also name numerous additional defendants who were in the business of "manufacturing, fabricating, selling and/or distributing asbestos containing products."[13] Plaintiffs allege that these defendants "sold, installed, removed and/or abated these products to and/or at Avondale," and Decedent was exposed to asbestos containing products as a result.[14] Further, Plaintiffs allege that these asbestos containing products were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty from said manufacturers."[15]

On the other hand, Defendants advance an alternate theory of asbestos exposure from other sources, including on properties near Decedent's childhood home and workplace.[16] Decedent was born in 1953, and the family home at the time of Decedent's birth was 407 Meyers Boulevard in Marrero, Louisiana.[17] Decedent lived there until he was two years old.[18] Decedent also worked at a shoe repair shop located at 409 Meyers Boulevard.[19] Both of these properties were part of a larger property located in the 400 block of Myers Boulevard at the intersection of Fourth Street, which was owned by Decedent's grandfather.[20] A driveway, parking lot, and courtyard area at the

---

[12] *Id.*

[13] *Id.* at 18.

[14] *Id.* at 19.

[15] *Id.*

[16] Rec. Doc. 243.

[17] Rec. Doc. 211-4 at 2.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 243-1 at 2.

property was made up of scrap material containing asbestos manufactured by Johns-Manville ("JM").[21]

Trial in this matter is set to begin on November 2, 2026. On September 16, 2026, Plaintiffs filed the instant motion.[22] On September 22, 2026, Avondale opposed the motion.[23] On September 22, 2026, Bayer also opposed the motion.[24] On September 25, 2026, Plaintiffs filed a reply to Avondale's opposition[25] and a reply to Bayer's opposition.[26] On September 25, 2026, Avondale filed a supplement to its opposition to correct a typographical error.[27]

## II. Parties' Arguments

### *A. Plaintiffs' Arguments in Support of the Motion*

Plaintiffs move the Court to issue an Order excluding the prior deposition and trial testimony of 17 witnesses: Virginia Glaub; Luby Baio; Claude Hampton; Joseph Molaison; Oled Klibert; Roy Orgeron; Maurice Pitre; Joseph Gistarve, Jr.; Joseph Gistarve, Sr.; Merlin Landry; Willard Masters; Weldon Rodrigue; John Sharp; Eldridge Sanchez; Robert Templet; Kemener Whalen; and Debra Bendily.[28] All of the testimony at issue were taken in prior cases, and Defendants intend to offer the testimony at trial to show that Decedent was exposed to asbestos by

[21] *Id.* at 3–4.

[22] Rec. Doc. 608

[23] Rec. Doc. 621.

[24] Rec. Doc. 625.

[25] Rec. Doc. 633.

[26] Rec. Doc. 634.

[27] Rec. Doc. 638. The Court granted Avondale leave to file the supplement.

[28] Rec. Doc. 608-1 at 1.

JM.[29] Because Plaintiffs did not have an opportunity to cross-examine any of these witnesses and because no party with a similar interest was present at the depositions or trials, Plaintiffs contend that admitting the testimony would be a violation of Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence.[30] Additionally, Plaintiffs argue that the testimony should be excluded under Rule 402 and 403 because it is irrelevant to Decedent and any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.[31]

***B. Avondale's Arguments in Opposition to the Motion***

As an initial matter, Avondale asserts that the motion in limine is untimely because the Court did not continue the motion in limine deadline when the November 2025 trial date was continued.[32] Avondale also points out that it has withdrawn its designations of the following deposition testimony: Luby Baio, Oled Klibert, Roy Orgeron, Maurice Pitre, Gistarve Joseph, Jr., and Weldon Rodrigue.[33] Avondale asserts that Rule 804 clearly contemplates the use of a deposition against a party not present at the deposition if a party with similar motive had an opportunity to develop the testimony.[34] According to Avondale, Plaintiffs interests were adequately represented during the depositions because the prior plaintiffs had counsel present or

---

[29] *Id.*

[30] *Id.* at 2.

[31] *Id.*

[32] Rec. Doc. 621 at 1–2.

[33] *Id.* at 2. In the supplemental opposition, Avondale clarifies that it does plan to offer the deposition testimony of Gistarve Joseph, Sr. Rec. Doc. 638.

[34] Rec. Doc. 621 at 4–8.

there was a defendant defending the liability of JM, which is Plaintiffs' position in this matter.[35] Additionally, Avondale asserts that the depositions are not being offered against Plaintiffs but are being offered against settled and non-settled co-defendants, non-parties, and bankrupt entities.[36] Therefore, Avondale argues that Plaintiffs have failed to provide the Court with justification for excluding the deposition testimony.[37] Avondale also responds to Plaintiffs' specific relevancy objections to the testimony of each of the proposed witnesses.[38]

### *C. Plaintiffs' Arguments in Further Support of the Motion*

In reply to Avondale's opposition, Plaintiffs contend that they are not in a similar position as the plaintiffs in the prior cases, because some of those plaintiffs were pursing environmental exposure claims against JM, while Plaintiffs here are defending against Defendants' argument that Decedent was exposed to asbestos by JM.[39] Because all of the depositions were taken after JM declared bankruptcy in 1982, Plaintiffs assert that no one was present at the depositions to defend the fault of JM.[40] Plaintiffs argue that the depositions are being offered directly against Plaintiffs' claim that Decedent's mesothelioma was caused by his asbestos exposures at Avondale.[41] Because Plaintiffs do not have wrongful death claims against Avondale, Plaintiffs assert that Avondale cannot submit evidence of the fault of non-parties or bankrupt entities.[42] Plaintiffs also reply to

---

[35] *Id.* at 4.

[36] *Id.* at 7.

[37] *Id.* at 8.

[38] *Id.* at 8–15.

[39] Rec. Doc. 633 at 2–5.

[40] *Id.* at 2.

[41] *Id.* at 5.

[42] *Id.* at 6.

Avondale's arguments regarding the specific objections raised.[43]

## III. Legal Standard

### *A. Admissibility of Deposition Testimony*

Federal Rule of Civil Procedure 32(a)(8) provides:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Rule 804(b)(1) of the Federal Rules of Evidence provides for the admissibility of former testimony when the declarant is unavailable as a witness. The testimony may be admitted if it:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.[44]

The Fifth Circuit has clarified that the "similar motive" requirement of Rule 804(b)(1) "does not mean identical motive."[45] Instead, in order for parties' motives to be considered "similar" as envisioned by Rule 804(b)(1), the parties must be "on the same side of the same issue at both proceedings" and must also have "a substantially similar interest in asserting and prevailing on the issue."[46]

---

[43] *Id.* at 7–10.

[44] Fed. R. Evid. 804(b)(1).

[45] *Battle ex rel. Battle v. Mem'l. Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000) (citing *United States v. Salerno*, 505 U.S. 317, 326 (1992)).

[46] *Id.* (citing *United States v. DiNapoli*, 8 F.3d 909, 912 (2nd Cir. 1993)).

### *B. Relevancy*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[47] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise.[48] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[49] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[50] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[51]

## IV. Analysis

As an initial matter, Avondale argues that the instant motion is untimely. Plaintiffs filed timely objections regarding the depositions designated by Defendants.[52] During the pre-trial

---

[47] Fed. R. Evid. 401.

[48] Fed. R. Evid. 402.

[49] Fed. R. Evid. 403.

[50] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[51] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[52] Rec. Docs. 388, 390, 391, 392.

conference, the Court suggested that a motion in limine should be filed on this issue so that it could be resolved before trial. Therefore, the Court considers this motion to be timely filed.

The Court also rejects Avondale's argument that the depositions are not being offered against Plaintiffs. The depositions are being offered directly against Plaintiffs' claim that Decedent's mesothelioma was caused by his asbestos exposures at Avondale. Therefore, the Court finds that Plaintiffs have standing to raise these evidentiary objections.

Plaintiffs move the Court to issue an Order excluding the deposition testimony of 17 witnesses: Virginia Glaub; Luby Baio; Claude Hampton; Joseph Molaison; Oled Klibert; Roy Orgeron; Maurice Pitre; Joseph Gistarve, Jr.; Joseph Gistarve, Sr.; Merlin Landry; Willard Masters; Weldon Rodrigue; John Sharp; Eldridge Sanchez; Robert Templet; Kemener Whalen; and Debra Bendily.[53] Each proposed witness will be addressed in turn.

***A. Deposition Testimony of Virginia Glaub***

Avondale intends to offer portions of the deposition testimony of Virginia Glaub taken on November 16, 2011, in *Glaub v. Asbestos Corporation Inc., et al*. There is no dispute that Glaub is not available to testify, as she is now deceased. Therefore, her deposition testimony may be admitted under Rule 804(b)(1) if the requirements of the Rule are met.

Avondale asserts that Plaintiffs' interest or motive in this case was similar to Defendant Norca, who was represented at the deposition. Norca brokered raw asbestos sales to JM and had an interest in defending any liability tied to exposure from JM scrap. While not identical, the Court finds the motives of both Norca and Plaintiffs herein to be sufficiently similar to warrant the application of Rule 804(b)(1). Norca and Plaintiffs clearly had a similar interest in defending any liability tied to asbestos exposure from JM scrap. Because both parties had a motive to develop

[53] Rec. Doc. 608-1 at 1.

Glaub's testimony to show that JM was not liable for their asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Glaub's deposition testimony is admissible at trial.

Plaintiffs also argue that Glaub's deposition testimony is irrelevant and misleading. Glaub testified that she lived behind a grocery store and had driveway made from JM scrap at her home. Plaintiffs assert this was not the same store as the one owned by the Dandry family. In response, Avondale asserts it is not attempting to mislead the jury regarding the location of the grocery store because it has designated testimony regarding the address of the grocery store. Avondale contends that Glaub's testimony is relevant to its argument that Decedent was exposed to asbestos from JM scrap. Glaub testified regarding the presence of the scrap material on the Westbank and how it was delivered and distributed to Westbank residents.

Defendants contend that Decedent was exposed to JM scrap material while living on the Westbank. Therefore, Glaub's testimony is relevant to that issue. Plaintiffs have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

### *B. Deposition Testimony of Luby Baio*

Avondale does not intend to offer the deposition testimony of Luby Baio. Bayer initially indicated that it planned to offer Baio's deposition testimony. However, Plaintiffs subsequently settled all claims with Bayer. Therefore, because no other party responded to Plaintiffs' request to exclude the deposition testimony of Baio, the Court excludes this testimony.

### *C. Trial Testimony of Claude Hampton, Joseph Molaison, Oled Klibert, Raymond Orgeron, and Maurice Pitre*

Claude Hampton, Joseph Molaison, Oled Klibert, Raymond Orgeron, and Maurice Pitre testified at trial in 1985 in the matter of *DiMarco v. Johns-Manville Corporation, et al*. Avondale

plans to offer portions of the prior trial testimony of Claude Hampton and Joseph Molaison. Avondale does not plan to offer the prior trial testimony of Oled Klibert, Raymond Orgeron, or Maurice Pitre. Bayer initially indicated that it planned to offer the prior testimony of Oled Klibert, Raymond Orgeron, and Maurice Pitre. However, Plaintiffs subsequently settled all claims with Bayer. Therefore, because no other party responded to Plaintiffs' request to exclude the testimony of Oled Klibert, Raymond Orgeron, or Maurice Pitre, the Court excludes this testimony.

Hampton and Molaison both worked at JM. They testified about products used at the JM facility, about how the dust inside the JM plant was vented into the air, and about the use of JM scrap material in the surrounding neighborhood. Avondale seeks to introduce their prior trial testimony under Rule 804(b)(1) because all five individuals are deceased. Plaintiffs argue that no party had a similar motive to defend the liability of JM in the *DiMarco* trial. During the *DiMarco* trial, the plaintiffs were attempting to show liability caused by asbestos exposure from the Celotex plant, while the defendants were attempting to establish the fault of JM. The plaintiff in the *DiMarco* trial had a similar motive in cross-examining Hampton and Molaison. Therefore, the prior testimony is admissible under Rule 804(b)(1).

Plaintiffs also have not shown that the testimony should be excluded under Rule 403. Each of the designations are only a few pages long. The testimony is relevant to Defendants' argument that Decedent was exposed to dust from plant operations and JM scrap material. Plaintiffs have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

***D. Deposition Testimony of Joseph Gistarve, Jr.***

No party responded to Plaintiffs request to exclude the deposition testimony of Joseph Gistarve, Jr. Therefore, the Court excludes this testimony.

***E. Deposition Testimony of Joseph Gistarve, Sr.***

Avondale plans to introduce portions of the April 12, 2012 deposition of Joseph Gistarve, Sr. taken in *Wiehebrink v. Northrop Grumman Shipbuilding, Inc., et al*. Avondale seeks to offer his prior deposition testimony under Rule 804(b)(1) because he is now deceased.

Gistarve worked at JM and he had a driveway made of JM scrap. In the *Wiehebrink* case, the plaintiffs had a similar motive to Plaintiffs here because they were attempting to show liability caused by exposures at Avondale, while the defendants were attempting to establish the fault of JM. The *Wiehebrink* plaintiffs had a similar motive in cross-examining Gistrarve. Therefore, the prior testimony is admissible under Rule 804(b)(1).

Plaintiffs also have not shown that the testimony should be excluded under Rule 403. The testimony is relevant to Defendants' argument that Decedent was exposed to dust from plant operations and JM scrap material. Plaintiffs have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

***F. Deposition Testimony of Merlin Landry***

Avondale does not intend to offer the deposition testimony of Merlin Landry. Bayer initially indicated that it planned to offer Landry's deposition testimony. However, Plaintiffs subsequently settled all claims with Bayer. Therefore, because no other party responded to Plaintiffs' request to exclude the deposition testimony of Landry, the Court excludes this testimony.

***G. Deposition Testimony of Willard Masters***

Avondale plans to introduce portions of the June 14, 2021 deposition of Willard Masters taken in *Masters v. Taylor-Seidenhach, Inc., et al*. There is no dispute that Masters is not available

to testify, as he is now deceased. Therefore, Avondale seeks to introduce his prior deposition testimony under Rule 804(b)(1).

In the *Masters* case, the plaintiff was pursuing an environmental exposure claim based on alleged exposure to asbestos from the JM facility. Avondale asserts that Plaintiffs' interest or motive in this case was similar to the defendants in the *Masters* case, Burmaster Land Development and Asbestos Corporation Limited. Burmaster Land Development supplied JM scrap to areas of the Westbank, and Asbestos Corporation Limited was a raw asbestos miner and supplier to JM. While not identical, the Court finds the motives of Burmaster Land Development, Asbestos Corporation Limited, and Plaintiffs herein to be sufficiently similar to warrant the application of Rule 804(b)(1). Burmaster Land Development, Asbestos Corporation Limited, and Plaintiffs clearly had a similar interest in defending any liability tied to asbestos exposure from JM scrap. Because the defendants in the prior litigation had a similar motive to develop Masters's testimony to show that JM was not liable for the asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Masters's deposition testimony is admissible at trial.

Plaintiffs also argue that Masters's deposition testimony is irrelevant. Masters testified about the dumping of JM scrap material in the Westbank and about JM scrap found at St. Joseph the Worker School. Masters testified that he attended the school from kindergarten until seventh grade, from the mid-1950s until the early 1960s, and that during the entire time he was there, the playground consisted of JM scrap. Decedent also attended St. Joseph the Worker in first and second grade, likely in the late 1950s or early 1960s. Plaintiffs argue that the testimony is irrelevant because Decedent's sister, Madeline Lonergan, testified that the playground was concrete. Although Masters indicated that the playground became concrete, he testified that the playground was made of JM scrap during his time at the school. The fact that there is conflicting testimony on

the playground does not render Masters's testimony irrelevant. Instead, this is a fact issue that must be left to the jury. Plaintiffs have not demonstrated that the testimony should be excluded under Rule 403.

### *H. Deposition Testimony of Weldon Rodrigue*

No party responded to Plaintiffs request to exclude the deposition testimony of Weldon Rodrigue. Therefore, the Court excludes this testimony.

### *I. Deposition Testimony of John Sharp*

Avondale plans to introduce portions of the October 4, 2017 deposition of John Sharp taken in *Mayeaux v. Taylor-Seidenhach, Inc., et al*. Because Sharp is deceased, Avondale seeks to introduce his prior deposition testimony under Rule 804(b)(1).

John Sharp worked for the Louisiana Department of Environmental Quality and was involved in the Westbank remediation and soil sampling of JM asbestos scrap. In the *Mayeaux* case, Sharp was a defense witness and the plaintiff was defending the liability of JM as he had no claims against any JM interest. Therefore, the plaintiff in the *Mayeaux* matter had a similar motive or interest to Plaintiffs here. Because the plaintiff in the prior litigation had a similar motive to develop Sharp's testimony to show that JM was not liable for the asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Sharp's deposition testimony is admissible at trial.

Plaintiffs argue that Sharp's testimony is irrelevant because Sharp's experience with the JM scrap remediation in the 1990s post-dates Decedent's alleged exposure. However, Avondale asserts it is relying on Sharp's testimony to establish the extent of the JM scrap remediation project and what soil sampling of the scrap material indicated. Plaintiffs' argument goes to the weight of

Sharp's testimony, not its admissibility. Plaintiffs have not demonstrated that the testimony should be excluded under Rule 403.

***J. Deposition Testimony of Eldridge Sanchez***

Avondale plans to introduce portions of the July 8, 2019 deposition of Eldrige Sanchez taken in *Sanchez v. Anco Insulations, Inc., et al*. Because Sanchez is now deceased, Avondale seeks to introduce his prior deposition testimony under Rule 804(b)(1).

In the *Sanchez* case, the plaintiff was pursuing a claim against Asbestos Corporation Limited, which was a raw asbestos miner and supplier to JM. Avondale asserts that Plaintiffs' interest or motive in this case was similar to Asbestos Corporation Limited's motive in in the *Sahnchez* case. While not identical, the Court finds the motives of Asbestos Corporation Limited and Plaintiffs herein to be sufficiently similar to warrant the application of Rule 804(b)(1). Asbestos Corporation Limited and Plaintiffs clearly had a similar interest in defending any liability tied to asbestos exposure from JM scrap. Because the defendants in the prior litigation had a similar motive to develop Sanchez's testimony to show that JM was not liable for the asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Sanchez's deposition testimony is admissible at trial.

Plaintiffs also argue that Sanchez's deposition testimony is irrelevant. Sanchez's testimony is relevant to Avondale's defense because he discusses dust emanating from the JM plant and the driveways in Marrero. Plaintiffs have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

***K. Deposition Testimony of Robert Templet***

Avondale plans to introduce portions of the June 8, 2017 deposition of Robert Templet taken in *Templet v. Avondale Industries, Inc., et al*. Because Templet is deceased, Avondale seeks to introduce his prior deposition testimony under Rule 804(b)(1). In response to this motion, Avondale withdrew the designations from Templet's deposition related to JM scrap material, and states it only intends to offer his testimony regarding his work at Avondale.

The Court finds the motives of both the *Templet* plaintiffs and Plaintiffs herein to be sufficiently similar to warrant the application of Rule 804(b)(1). Both sets of Plaintiffs clearly had a similar interest in prevailing on the issue of Avondale's liability. Because both sets of plaintiffs had a motive to develop Templet's testimony to show that Avondale was liable for their asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Templet's deposition testimony is admissible at trial. Plaintiffs do not argue that the portions of Templet's testimony related to his work at Avondale are irrelevant.

***L. Deposition Testimony of Kemener Whalen***

Avondale plans to offer portions of the April 1986 deposition testimony of Kemener Whalen taken in *Bialy v. Johns-Manville, et al.* Avondale argues that his prior testimony is admissible under Rule 804(b)(1) because he is deceased.

Whalen was a JM corporate employee who testified about the use of asbestos in JM products. JM was a named defendant in this matter, and it was represented by counsel during this deposition. JM's counsel had a similar motive and interest to Plaintiffs in this matter to minimize any testimony concerning asbestos exposure attributable to JM, in order to minimize any damages for which JM could be found liable. Therefore, Whalen's testimony is admissible under Rule 804(b)(1).

Whalen's testimony provides a history of the asbestos pipe manufacturing process and establishes the ingredients and fiber types used in manufacturing the transite pipe, including the pipe manufactured at the JM plant in Marrero. Plaintiffs argue that his testimony is irrelevant because it did not apply to the Marrero JM plant and because Decedent never worked at the JM plant. Whalen testified that he was responsible for the asbestos-fiber blends and mixtures used for the pipe-making process at all JM plants. He also testified that central purchasing purchased the asbestos for all of the plants. Whalen's testimony regarding the amount and types of asbestos used in the manufacture of transite pipe is relevant to the defense's theory that Decedent was exposed to the scrap material. Plaintiffs have not shown that the testimony should be excluded under Rule 403.

***M. Deposition Testimony of Debra Bendily***

Avondale plans to introduce portions of two depositions of Debra Bendily taken in prior litigation. Because Bendily is deceased, Avondale seeks to introduce her prior deposition testimony under Rule 804(b)(1).

Bendily worked for the Louisiana Department of Environmental Quality and was a lead investigator during the Westbank scrap remediation project. In both of the prior cases, Bendily was called as a defense witness, as the defendants in those cases were attempting to establish the fault of JM. Therefore, the plaintiffs in the prior cases had a similar motive or interest to Plaintiffs here. Because the plaintiffs in the prior litigation had a similar motive to develop Bendily's testimony to show that JM was not liable for the asbestos-related injuries, the requirements of Rule 804(b)(1) are satisfied, and Bendily's deposition testimony is admissible at trial.

Plaintiffs argue that Bendily's testimony is irrelevant because Bendily's experience with the JM scrap remediation in the 1990s post-dates Decedent's alleged exposure. However,

Defendants assert they are relying on Bendily's testimony to establish the extent of the JM scrap remediation project. Plaintiffs' argument goes to the weight of Bendily's testimony, not its admissibility. Plaintiffs have not demonstrated that the testimony should be excluded under Rule 403. Finally, Plaintiffs suggest that Bendily is providing expert testimony without a report. Bendily's testimony is fact testimony regarding what she learned from her work with the LDEQ performing asbestos air monitoring, asbestos identification, field sampling, and remediation. Plaintiffs have not shown that the testimony should be excluded on that basis.

## V. Conclusion

No party responded to Plaintiffs request to exclude the deposition testimony of Joseph Gistarve, Jr. or Weldon Rodrigue. Avondale also withdrew Robert Templet's deposition testimony related to JM scrap. Therefore, the motion is granted to the extent it seeks to exclude the prior deposition testimony of Joseph Gistarve, Jr. and Weldon Rodrigue and the deposition testimony of Robert Templet related to JM scrap.

Bayer initially indicated that it planned to offer the prior testimony of Luby Baio, Oled Klibert, Raymond Orgeron, Maurice Pitre, and Merlin Landry. However, Plaintiffs subsequently settled all claims with Bayer. Therefore, because no other party responded to Plaintiffs' request to exclude the testimony of Luby Baio, Oled Klibert, Raymond Orgeron, Maurice Pitre, and Merlin Landry, the Court excludes this testimony.

The motion is denied in all other respects.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine to Exclude Certain Designated Testimony of Defendants Regarding Johns-Manville[54] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it requests exclusion of the prior

[54] Rec. Doc. 608.

testimony of Joseph Gistarve, Jr., Weldon Rodrigue, Luby Baio, Oled Klibert, Raymond Orgeron, Maurice Pitre, and Merlin Landry, and the deposition testimony of Robert Templet related to JM scrap. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this 29th day of October, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**