**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERICA DANDRY CONSTANZA, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-871** |
| **SPARTA INSURANCE COMPANY, et al.** | **SECTION: "G"(3)** |

**ORDER AND REASONS**

Before the Court is the Motion to Quash Trial Subpoena filed by Michelle McGowan ("Ms. McGowan").[1] Plaintiffs Erica Dandry Constanza and Monica Dandry Hallner ("Plaintiffs") issued a trial subpoena (the "Trial Subpoena") to Ms. McGowan as the corporate representative of EMSL Analytical, Inc. ("EMSL") under Federal Rule of Civil Procedure 45.[2] Neither EMSL nor Ms. McGowan is a party to the above-captioned matter. A trial for this matter is set to begin on November 2, 2026. On October 14, 2026, Ms. McGowan filed the instant motion requesting that the Court quash the Trial Subpoena issued to Ms. McGowan. Plaintiffs oppose the instant motion.[3] Considering the motion, the memoranda in support and opposition, and the applicable law, the Court grants in part and denies in part Ms. McGowan's Motion to Quash Trial Subpoena. The motion is granted to the extent that it seeks to quash the Trial Subpoena as an improper subpoena *duces tecum*. The Trial Subpoena is modified to compel Ms. McGowan's virtual attendance at trial. The motion is denied in all other respects.

---

[1] Rec. Doc. 666.

[2] Rec. Doc. 666-2.

[3] Rec. Doc. 670.

## I. Background

In this litigation, Plaintiffs allege Decedent Michael P. Dandry, Jr. ("Decedent"), while an employee for Defendant Huntington Ingalls, Inc. ("Avondale"), was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[4] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[5] On the other hand, Defendants advance an alternate theory of asbestos exposure from other sources, including on properties near Decedent's childhood home and workplace.[6] To establish their alternative-exposure theory, Defendants retained Terracon Consultants ("Terracon") for the purpose of soil sampling.[7] Terracon, in turn, retained EMSL to perform the lab testing of the soil samples collected by Terracon.[8] Ms. McGowan was designed as the corporate representative of EMSL for a Rule 30(b)(6) deposition conducted in this case.[9]

On August 18, 2026, the parties deposed Ms. McGowan as EMSL's corporate representative.[10] Ms. McGowan's deposition transcript was produced and made available to the parties.[11] Thereafter, Plaintiffs attempted to serve Ms. McGowan with a trial subpoena. Neither EMSL nor Ms. McGowan is a party to this litigation. On October 14, 2026, Ms. McGowan filed

---

[4] Rec. Doc. 1-3 at 2.

[5] *Id.*

[6] Rec. Doc. 243.

[7] Rec. Doc. 604.

[8] *Id.*

[9] Rec. Doc. 666.

[10] *Id.*

[11] *See* Rec. Doc. 666-3.

the instant motion.[12] On October 20, 2026, Plaintiffs opposed the motion. [13] On October 26, 2026, Ms. McGowan filed a reply brief.[14]

## II. Parties' Arguments

### *A. Ms. McGowan's Arguments in Support of the Motion to Quash*

The Trial Subpoena sets the place of compliance at the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana.[15] Ms. McGowan asserts that she is not a party to this litigation.[16] Further, Ms. McGowan submits that she lives and works in the State of New York, where she also cares for her elderly mother.[17] Ms. McGowan represents to the Court that she does not live and is not employed in Louisiana and that she has traveled to Louisiana only once for her work with EMSL in the aftermath of Hurricane Katrina.[18] Ultimately, Ms. McGowan argues that the Court must quash the Trial Subpoena because it exceeds the geographical limits of Rule 45(c). Ms. McGowan also argues that the Trial Subpoena should be quashed because the subpoena is an improper subpoena *duces tecum* to the extent that the subpoena "also seek[s] the production of documents in tandem with an appearance at trial."[19] Finally, Ms. McGowan argues that Plaintiffs failed to serve an effective Rule 45 subpoena against EMSL, as

[12] Rec. Doc. 666.

[13] Rec. Doc. 670.

[14] Rec. Doc. 681.

[15] Rec. Doc. 666-2

[16] Rec. Doc. 666-1.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 3.

"Rule 45 does not contemplate service of a trial subpoena on a corporate entity."[20] Therefore, because Plaintiffs failed to issue an effective subpoena against Ms. McGowan or any other individual EMSL employee, Ms. McGowan contends that Plaintiffs may not modify the Trial Subpoena.[21]

***B. Plaintiffs' Arguments in Opposition of the Motion to Quash***

Plaintiffs argue that the instant motion to quash should be denied. First, Plaintiffs contend that the Trial Subpoena does not exceed Rule 45's geographical limitations.[22] According to Plaintiffs, Ms. McGowan "is not being compelled to produce documents or attend trial more than 100 miles from where she works because her work for EMSL includes work at EMSL's Baton Rouge lab which is within 100 miles of [the courthouse]."[23] Further, Plaintiffs submit that Ms. McGowan testified that she was designated EMSL's corporate representative in this matter because she is the Vice President of EMSL's Asbestos Division and that "she has a 'national position' with EMSL such that she travels to other EMSL labs, including EMSL's lab in Baton Rouge."[24] Plaintiffs also submit that Ms. McGowan was served through EMSL's agent for service of process in Louisiana.[25]

Second, Plaintiffs argue that the Trial Subpoena served upon Ms. McGowan is not a discovery subpoena but "simply a trial subpoena requesting that [Ms. McGowan] also bring certain

---

[20] *Id.* at 4.

[21] *Id.*

[22] Rec. Doc. 670.

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.*

documents to trial to be authenticated."[26] Plaintiffs further contend that the subpoena for the production of documents is necessary because even those documents which may have already been authenticated by Ms. McGowan may face authenticity objections at trial by one of the multiple defendants in this matter. Third, Plaintiffs deny that they are attempting to improperly use Rule 30(b)(6).[27]

Alternatively, Plaintiffs request that the Court order Ms. McGowan to appeal at trial via Zoom "to prevent prejudice to Plaintiffs, who will need to use EMSL's documents and Ms. McGowan's testimony to rebut the opinions of Defendants' experts at trial."[28]

### *C. Ms. McGowan's Arguments in Reply*

In reply, Ms. McGowan maintains that the Trial Subpoena must be quashed because it exceeds the geographical limits of Rule 45(c), as she neither lives nor is employed in Louisiana.[29] Ms. McGowan submits that "[t]he fact that EMSL operates a location in Baton Rouge is irrelevant because Ms. McGowan does not work there *in person*," as Rule 45 requires.[30] Ms. McGowan argues that her singular visit to Louisiana for EMSL-related work in 2006 is insufficient to establish that she regularly conducts business in Louisiana for the purposes of Rule 45(c).[31] Further, Ms. McGowan argues that Plaintiffs' arguments in favor of upholding the Trial Subpoena are without merit. Specifically, Ms. McGowan argues that, under Rule 45, it is irrelevant whether

---

[26] *Id.* at 3–4.

[27] *Id.* at 6–7.

[28] *Id.* at 7.

[29] Rec. Doc. 681.

[30] *Id.* at 2 (emphasis added).

[31] *Id.* at 2–3 (collecting cases).

(1) "EMSL is an active Louisiana corporation," (2) Ms. McGowan has a "national position" with EMSL that requires her to travel to other states, or (3) Ms. McGowan was previously designated as the corporate representative of EMSL for this matter.[32]

Ms. McGowan also maintains that the Trial Subpoena should quashed as an improper subpoena *duces tecum*.[33]

## **III. Law and Analysis**

Ms. McGowan filed the instant Motion to Quash Trial Subpoena on October 14, 2026.[34] Neither EMSL nor Ms. McGowan is a party to this litigation. In the motion, Ms. McGowan argues that the subpoena must be quashed because the Trial Subpoena fails to comply with the geographical limits of Federal Rule of Civil Procedure 45(c). Specifically, Ms. McGowan insists that she lives and works in the State of New York, which is well beyond Rule 45(c)'s 100-mile reach when the place of compliance is set in Louisiana. Plaintiffs oppose the motion, arguing that Rule 45(c)'s geographical limits are satisfied here because Ms. McGowan's employment with EMSL is a national position, requiring her to travel and work at EMSL's Baton Rouge lab. However, Ms. McGowan asserts that she has only traveled to Louisiana once for EMSL-related work, roughly two decades ago.

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modification of a subpoena. Rule 45(d)(3)(A) provides, in pertinent part, that, upon timely motion, the Court "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . [or] subjects a person to undue burden."

---

[32] *Id.* at 4.

[33] *Id.* at 5.

[34] Rec. Doc. 666.

Federal Rule of Civil Procedure 45(c) details the geographical limits of trial subpoenas on both parties and non-parties. Rule 45(c) essentially restricts a court's authority to compel an individual to travel long distances to testify at trial. Rule 45(c)(1) provides that "[a] subpoena may command a [non-party] to attend a trial" that is "within 100 miles of where the person resides, is employed, or regularly transacts business *in person*."[35] Rule 45(c)(1) also permits a court to compel a non-party to attend a trial in "the state where the person resides, is employed, or regularly transacts business *in person*," as long as the subpoenaed party "would not incur substantial expense."[36]

On the other hand, under Federal Rule of Civil Procedure 43(a), the Court may permit a trial witness to testify virtually "[f]or good cause in compelling circumstances and with appropriate safeguards." Whether the Court may compel a witness to appear at trial virtually under Rule 43(a), notwithstanding Rule 45(c)'s traditional geographical limits, remains unsettled as a matter of law. Recently, the Committee on Rules of Practice and Procedure recognized that "[t]here have been disagreements among district courts about whether they have such power."[37] On May 15, 2025, the Committee proposed a revision to Rule 45 of the Federal Rules of Civil Procedure, seeking to clarify that federal courts do in fact have the power to compel remote testimony from witnesses located beyond Rule 45(c)'s traditional geographical limits.[38] The proposed amendment proceeded

---

[35] Fed. R. Civ. P. 45(c)(1)(A) (emphasis added).

[36] Fed. R. Civ. P. 45(c)(1)(B) (emphasis added).

[37] *See* COMM. ON RULES OF PRAC. & PROC., JUD. CONF. OF THE U.S., PRELIMINARY DRAFT OF PROPOSED AMENDMENTS TO THE FEDERAL RULES OF APPELLATE, BANKRUPTCY, CIVIL, AND CRIMINAL PROCEDURE, AND THE FEDERAL RULES OF EVIDENCE (Aug. 2025), https://www.uscourts.gov/sites/default/files/document/preliminary-draft-of-proposed-amendments-to-federal-rules_august2025.pdf.

[38] Specifically, "[t]he proposed amendment to Rule 45(c) adds a new subsection (c)(2) to address subpoenas for remote trial testimony. The proposed new subsection clarifies that the 'place of attendance for remote testimony is the location where the person is commanded to appear in person.' Under new Rule 45(c)(2), the court's subpoena power for in-court remote testimony extends nationwide so long as the subpoena does not

through the proper notice-and-comment process and was ultimately submitted to the Supreme Court as part of the proposed amendments package on October 20, 2026.[39] At the very least, these recent developments make clear that the scope of Rule 45(c) is unsettled.

The Court now turns to the instant motion. Ms. McGowan's motion is timely, as the motion was filed before the date of compliance.[40] Furthermore, Ms. McGowan lives and is employed in the State of New York. Ms. McGowan does not live, work, or regularly transact business in person within the state of Louisiana or within 100 miles of the courthouse for the Eastern District of Louisiana. In the instant motion, which is signed by her counsel, Ms. McGowan represents to the Court that she lives and is employed in the State of New York—not Louisiana—and that she has traveled to Louisiana only once for EMSL-related purposes. Plaintiffs do not refute Ms. McGowan's assertion that she lives and is employed in the State of New York. Similarly, Plaintiffs do not refute Ms. McGowan's assertion that she has traveled to Louisiana only once for her work with EMSL.

Alternatively, Plaintiffs request that Ms. McGowan be ordered to appear virtually.[41] Ms. McGowan did not respond to this request. As a matter of fairness, the Court finds it appropriate to permit and compel Ms. McGowan to attend trial and testify "by contemporaneous transmission

---

command the witness to travel farther than the distance authorized under Rule 45(c)(1). The proposed amendment does not affect the standards governing [Rule 43(a)]." James C. Dever III, Chair, Comm. on Rules of Prac. & Proc., Jud. Conf. of the U.S., Memorandum to Scott S. Harris, Clerk of the Supreme Court of the United States, Regarding Summary of Proposed Amendments to the Federal Rules of Practice and Procedure 3 (Oct. 20, 2026), https://www.uscourts.gov/sites/default/files/document/2026-scotus-package.pdf.

[39] *Id.*

[40] *Davis v. Cisneros*, No. 21-CV-565, 2024 WL 4273839, at *2 (W.D. Tex. Sept. 6, 2024).

[41] Rec. Doc. 670.

from a different location" (or, in other words, virtually).[42] Rule 43(a) grants the Court the authority to permit Ms. McGowan to testify virtually "[f]or good cause in compelling circumstances and with appropriate safeguards." The Court finds that good cause exists here to allow Ms. McGowan to testify virtually. On one hand, Ms. McGowan asserts that "[a]s a non-resident of Louisiana living more than 100 miles away from this Court, and with an elderly mother to care for, travel to the trial would present a significant financial hardship on [her]."[43] On the other hand, Ms. McGowan's total absence from trial would prejudice Plaintiffs. EMSL performed critical soil testing and produced reports based on such testing, both of which Defendants' expert witnesses will testify about at trial. Given the weight this scientific evidence may hold with the jury and the sheer volume of prior-testimony evidence which will need to be read into evidence at trial, the Court finds that there are good cause and compelling circumstances to permit Ms. McGowan to testify virtually.

The Court's ruling is permitted by Rule 45, which grants the Court the authority to compel Ms. McGowan, a non-party to this litigation, to attend a trial in "the state where [she] resides, is employed, or regularly transacts business in person," as long as Ms. McGowan "would not incur substantial expense." Ms. McGowan will not be compelled to attend trial at the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana. Instead, because the Court will permit her virtual attendance, the Court modifies the Trial Subpoena to set Ms. McGowan's place of compliance within the state where she resides, New York. Because the Trial Subpoena's place of compliance no longer exceeds the geographical limits of Rule 45(c), the Court finds that Rule 45(d)(3) does not require the Court to quash the subpoena on this basis.

---

[42] Fed. R. Civ. P. 43(a).

[43] Rec. Doc. 666 at 2.

Finally, the Court turns to whether the Trial Subpoena is an improper subpoena *duces tecum*. Ultimately, service of a Rule 45 subpoena *duces tecum* that seeks to compel the production of broad categories of documents after the close of the discovery period is improper.[44] All discovery deadlines set for this matter have passed. Further, the Trial Subpoena seeks to compel the production of nineteen broadly-defined categories of documents in tandem with Ms. McGowan's appearance at trial. Therefore, the Court finds it appropriate to quash the Trial Subpoena to the extent that it seeks compel Ms. McGowan's production of the documents listed in the subpoena.

## IV. Conclusion

The Court finds it appropriate to permit Ms. McGowan to attend and testify at trial virtually under Rule 43(a), thus resetting the Trial Subpoena's place of compliance within the State of New York. Therefore, Rule 45(c)'s traditional geographical limits are not exceeded by the Trial Subpoena. As such, the Court will not quash the Trial Subpoena on the basis of Rule 45(c).

On the other hand, the Court finds that the Trial Subpoena issued to Ms. McGowan is an improper subpoena *duces tecum*. As such, pursuant to Rule 45(d)(3), the Court quashes the Trial Subpoena to the extent that it seeks the production of documents in tandem with an appearance at trial. Accordingly,

**IT IS HEREBY ORDERED** that Ms. McGowan's Motion to Quash Trial Subpoena[45] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks to quash the Trial Subpoena as an improper subpoena *duces tecum*. The Trial Subpoena is modified to compel Ms. McGowan's virtual attendance at trial. The motion is **DENIED** in all other

[44] *Giarratano v. Huntington Ingalls Inc.*, No. CV 22-88, 2023 WL 2898332, at *4 (E.D. La. Apr. 11, 2023).

[45] Rec. Doc. 666.

respects.

**IT IS FURTHER ORDERED** the Trial Subpoena issued to Ms. McGowan is hereby **MODIFIED** to compel Ms. McGowan's virtual attendance at trial.

**IT IS FURTHER ORDERED** that Michelle McGowan shall be permitted to testify by videoconference during the November 2, 2026 trial.

**IT IS FURTHER ORDERED** the Trial Subpoena issued to Ms. McGowan is hereby **QUASHED** to the extent that it seeks to compel Ms. McGowan's production of documents at trial.

**NEW ORLEANS, LOUISIANA**, this 29th day of October, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**